HAMITER, Justice.
 

 The District Court- and the Court of Appeal, First Circuit, disposed of this tort action on exceptions of no cause of action. No trial of its merits has yet been had. It is now before us for consideration on those exceptions pursuant to a writ of certiorari directed to the last named tribunal and issued on the applications of plaintiffs and one of the defendants.
 

 The plaintiffs are David E. Gerald and his wife, Mrs. Inez Mayeaux Gerald, and the defendants are James Alexander Traylor, the Standard Oil Company of Louisiana, and the Baton Rouge Coca-Cola Bottling Company, Ltd.
 

 According to the allegations of fact of the petition, which are to be deemed correct and true for the purpose of passing on the exceptions of no cause of action, plaintiffs were severely injured on the morning of January 15, 1942, as a result of an explosion occurring in a building owned by Traylor. Part of the structure was occupied by plaintiffs, under a lease from the owner, as their residence and in conducting a soft drink and sandwich business; and the remainder was used by Traylor .in operating a filling station.
 

 About 8=30 o’clock of that morning, plaintiffs, as they lay asleep in the bedroom situated in the front portion of the building, were awakened by the unloading of gasoline from a tank truck of the Standard Oil Company into the storage tanks of the filling station; and they “detected the odor of gas fumes to some extent.” Shortly thereafter, and while the gasoline was being de
 
 *695
 
 livered, the husband arose from his bed and struck a match to light a cigarette. A tremendous explosion followed, causing injuries to both occupants of the bedroom. Before Gerald acquired his lease on the premises, the owner Traylor permitted the defendant Coca-Cola Bottling Company, Ltd., “to place advertising signs about the edge of the flat top roof of the station building, which signs extended completely across the front thereof at a distance of about 32 feet in length and approximately 20 inches in height, with similar signs extending along both east and west sides of the roof, a distance of approximately 16 feet in length and about 20 inches in height, all of which signs extended upward from the top of said flat top roof.”
 

 Three vent pipes connected with the underground tanks beneath the concrete driveway in front of the station building, so the petition further recites, “and then extended upward between the wall of the building, which was constructed of stucco, metal lath and wooden paneling, to the top of the flat top roof at a point in the southwest corner immediately above the small bedroom occupied by your petitioners; that the said vent pipes did not extend beyond the level of said flat top roof; that the openings around the vent pipes on top of the roof had not been caulked or otherwise closed; that the openings about said vent pipes extended downward and led directly to the manhole opening in the ceiling, which said latter opening is situated in the southeast corner of said small bedroom.”
 

 Additionally, it is stated in the petition:
 

 “That petitioners aver that it is impossible to say with any degree of certainty as to what exactly caused the explosion, which led to their injuries, but believe and therefore allege, that the same occurred as-a result of the joint fault and negligence-of James Alexander Traylor, Baton Rouge-Coca-Cola Bottling Co., Ltd., and Standard Oil Company of Louisiana, in the following-manner, to-wit:
 

 “(1) by the negligence of the said James. Alexander Traylor in. not extending or causing to be extended the vent pipes beyond the level of the flat top roof, and not caulking or closing the openings around said vent pipes, which negligence caused the heavier-than-air gas fumes to seep- and settle downward through said openings by the way of a manhole in the ceiling and thence into the bedroom occupied by plaintiffs; (2) by the negligence of the Baton Rouge Coca-Cola Bottling Co., Ltd., in erecting and placing the advertising signs about the edge of the flat top roof and permitting same to extend approximately 20 inches above and beyond the openings of the vent pipes, thereby bottling-up or obstructing on three sides of the roof the escaping gas fumes from the vent, pipes leading from the underground gasoline tanks and preventing the normal and' natural diffusion of said gas fumes into the-open air; (3) by the negligence and improper care of the Standard Oil Company of Louisiana in delivering an inherently dangerous and inflammable liquid, gasoline, to the filling station operated at the time by James Alexander Traylor without having.
 
 *697
 
 carefully and diligently inspected or caused to be inspected the gasoline pumps, tanks, vent pipes and all attendant appurtenances attached to and made a part of the apparatus used in connection with
 
 the
 
 handling of gasoline at said station, which inspection would have disclosed the unsafe manner pertaining to the installation of the vent pipes and the failure of said pipes to extend a reasonable safe distance above and beyond the level of the flat top roof, and the failure to caulk or close the openings about said pipes which led directly to the manhole in the ceiling, and thence to the living quarters occupied by plaintiffs, as well as the advertising signs negligently arranged about the said vent pipes by Baton Rouge Coca-Cola Bottling Company, Ltd.
 

 “That if the accident did not result from the negligence herein alleged, your petitioners are without knowledge as to the cause of the explosion.
 

 “That the mere fact that the explosion occurred as herein alleged shows that the installation of the vent pipes by James Alexander Traylor or by his agents in construction of the premises was done in a negligent manner, while the placing and installation of the advertising signs by Baton Rouge Coca-Cola Bottling Co., Ltd., was done in a negligent manner, thereby preventing the escaping gas fumes to become diffused normally into the atmosphere, and the failure and neglect of the Standard Oil Company of Louisiana to inspect or cause to be inspected the safety of the entire apparatus before delivery of gasoline, a dangerous instrumentality, was made to the filling station, likewise constituted negligence; and that your petitioners must rely upon the doctrine of res ipsa loquitur and upon such facts and circumstances as might be developed upon the trial hereof for recovery of the injuries-sustained.”
 

 All defendants filed exceptions of no-cause and no right of action. The district court sustained the exceptions of no cause of action of the Standard Oil Company and the Coca Cola Company, and dismissed the suit as to those defendants; but the one filed by Traylor was referred to the merits.
 

 On an appeal by plaintiffs to the Court of Appeal, the following judgment was rendered by that tribunal (10 So.2d 409) :
 

 “For the reasons assigned, it is ordered that the judgment appealed from be affirmed insofar as it sustained the exception of no cause of action filed by the Baton Rouge Coca-Cola Bottling Co., Ltd.; that said judgment likewise be affirmed insofar as it sustained the exception of no ■cause of action filed by the Standard Oil Company as to the specially pleaded acts of negligence against said Company, but as to the alternative plea of general negligence under the doctrine of res ipsa loquitur, said exception is hereby overruled and the case as to the Standard Oil Co., is remanded to the District Court to be proceeded with according to law and the views herein expressed; said company to pay the cost of the appeal, and all other cost to await the final termination of the cause.”'
 

 Thereafter the case was brought here,, as above stated, on a writ of certiorari for review.
 

 
 *699
 
 It is our opinion that the exceptions of no cause of action of all defendants should have been overruled in their entirety and the cause tried on its merits. The controversy is one in which the doctrine of res ipsa loquitur is possible of application; however, it is not necessary to hold at this time, and we do not so hold, that such doctrine is applicable.
 

 Res ipsa loquitur is often found to be appropriate in cases involving explosions. It is not a rule of pleading or of substantive law; rather, it is a rule of evidence, the applicability of which is to be determined on the conclusion of the trial. As said in Lykiardopoulo v. New Orleans & C. R., Light & Power Company, 127 La. 309, 53 So. 575, 576, Ann.Cas.1912A, 976:
 

 “ * * * In cases where the plaintiff •cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ■ordinarily do not occur when due care has been exercised, the rule of evidence is that the accident speaks for itself — res ipsa loquitur — that is to say, that a presumption of negligence arises from the fact itself of the accident. In such cases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on defendant to show absence, of negligence. Res ipsa loquitur. That rule is of peculiar applicability in cases of boiler explosions. Thus, negligence may be inferred from .the fact of the explosion of the . boiler of the vessel, although the defendant is under no contract obligation to protect the plaintiff.”
 

 Also in Dotson v. Louisiana Central Lumber Company, 144 La. 78, 80 So. 205, 207, it is stated:
 

 “Although the general rule of law is that a plaintiff who claims damages mui t allege and prove the facts necessary Id establish the negligence of defendant, upon which he predicates his demand, it is equally a well-recognized exception to that general rul'e that, where the cause of the accident by which the damage was inflicted is more properly within the knowledge of defendant, the accident itself makes out a prima facie case, and the burden is upon the latter to show absence of negligence. Res ipsa loquitur.”
 

 The doctrine is further discussed in many later decisions of this court, some of these being Urban Land Company, Inc., v. City of Shreveport, 182 La. 978, 162 So. 747; Jones v. Shell Petroleum Corporation, 185 La. 1067, 171 So. 447; Loprestie v. Roy Motors, Inc., et al, 191 La. 239, 185 So. 11; Morales v. Employers’ Liability Assurance Corporation, Ltd., et al., 202 La. 755, 12 So. 2d 804, 808.
 

 In the Morales case is the observation that: “It is fundamental that negligence is never presumed from the happening of an accident, but the happening of an accident with its attendant circumstances may justify the inference of negligence.”
 

 Counsel for defendant Standard Oil Company, in support of the exception of
 
 *701
 
 no cause of action, cite and rely on the following cases decided by this court: Maus v. Broderick, 51 La.Ann. 1153, 25 So. 977; Lykiardopoulo v. New Orleans Light & Power Company, 127 La. 309, 53 So. 575, Ann.Cas.1912A, 976; A. & J. Inc., v. Southern Cities Distributing Company, 173 La. 1051, 139 So. 477; and Bruchis v. Victory Oil Company, 179 La. 242, 153 So. 828. The final decision in each of these cases, it will be noticed, was based on the merits and not on an exception of no cause of action.
 

 Interesting is the A. & J., Inc., case in which we ruled “that the allegations of the petition are sufficient to maintain the suit, and that defendant’s exception of no cause of action was properly overruled.” Then, on a consideration of the merits, we affirmed the trial court’s judgment of non-suit, stating in part:
 

 “Where, as in this case, an explosion occurs on premises over which the defendant has no control, it is the settled jurisprudence that the burden is upon the plaintiff to prove that the negligence of the defendant was the proximate cause of the resulting damage.
 

 “The plaintiff, to some extent, relies upon the doctrine of res ipsa loquitur (the thing speaks for itself). This is a rule of evidence peculiar to the law of a limited class of negligence cases; but where, as stated, the defendant has no control over the premises, or where there is a divided responsibility and the damage may have resulted from a cause over which the defendant had no control, all of the authorities hold, or at least the great weight of authority is, that the rule cannot be successfully invoked.”
 

 The claimed damages of the plaintiff, according to the petition’s allegations, were occasioned by an explosion resulting when the husband lighted a match and ignited gasoline fumes which had seeped into their bedroom. At that time, so the petition further shows, an agent of defendant Standard Oil Company was engaged in unloadinggasoline into the storage tanks located on the premises; defendant Traylor was maintaining defective vent'pipes in his building-through which the gasoline fumes passed;, and large signs of the Coca-Cola Company were maintained on the building’s roof, surrounding the openings of the vents, thereby serving to prevent the normal and natural diffusion of those fumes. As to the exact cause of the seepage into the bedroom plaintiffs do not know and so allege. They are unable to say whether such condition was brought about by the activities of the gasoline truck attendant, by the defective vent pipe installations, by the Coca-Cola signs, or by a combination of two or more of them.
 

 In holding herein that all of the exceptions of no cause of action should be overruled in their entirety, we are not in any manner passing upon the question of negligence and liability of the respective defendants. This is a case in which the above discussed doctrine of res ipsa'loquitur has. been properly pleaded and is possibly applicable; and by reason of that, and in the interest of justice, a trial of the merits, should take place. After the evidence has been adduced and the true facts and cir
 
 *703
 
 cumstances ascertained, the various legal principles respecting defendants’ alleged negligence and liability can then be considered and determined.
 

 There is no merit, we think, to the further argument of counsel for Standard ■Oil Company that the exceptions should be maintained because the allegations of the petition disclose contributory negligence on the part of plaintiffs, these persons having averred that they “detected the odor of gas fumes to some extent * * * when they were awakened by the delivery of gasoline”, and that the husband arose and struck a match to light a cigarette.
 

 It is the law of this state that ■“where the plaintiff alleges facts affirmatively showing that he was guilty of contributory negligence, the defendant may raise the issue by exceptions of no right or cause of action.” Louisiana Power & Light Company v. Saia et al., 188 La. 358, 177 So. 238. But the general or usual rule, to which such principle constitutes an exception is: “Contributory negligence is a ■special defense, and unless the facts alleged, which are accepted as true for the purpose •of the trial of an exception of no cause of action, show affirmatively that the deceased was guilty of contributory negligence, and that such negligence was the proximate -cause of his death, the exception should mot be maintained.” Gibbs v. Illinois Central Railroad Company, 169 La. 450, 125 So. 445, 447.
 

 The allegations of fact of the petition, to which reference is above made, do not affirmatively show that plaintiffs were .contributorily negligent. The conclusion cannot be reached, from a reading of them, that the defected odor was sufficiently strong to warn the room’s occupants of the occurrence of an explosion on the lighting of a match. In fact, the allegations, especially the employed qualifying phrase “to some extent”, seem to indicate that only a slight odor existed. And, in this connection, it is common knowledge that gas fumes in a room can affect one’s sense of smell without being sufficient in quantity and density to result in a fire or explosion oh their coming in contact with a lighted match.
 

 For the reasons above given the judgments of the Court of Appeal and the District Court are annulled and set aside in so far as they sustain the exceptions of no cause of action; all of those exceptions are now overruled in their entirety; and the case is remanded to the District Court for further proceedings according to law. Defendant Standard Oil Company of Louisiana and the Baton Rouge Coca-Cola Bottling Company, Ltd., shall pay the costs of the appeal and of the proceedings in this court, while all other costs shall await the final disposition of the case.