HARDY, Judge.
This is an action for damages to plaintiff’s automobile allegedly resulting from the negligence of defendant. After trial there was judgment rejecting plaintiff’s demands, from which she prosecutes this appeal.
Plaintiff’s brief petition alleged that on September 17, 1953 petitioner’s Plymouth Sedan was parked in the 600 block of Fannin Street in downtown Shreveport;, that while so parked a Plymouth Coupe owned by defendant ran into the right side of petitioner’s automobile, inflicting the-damage for which recovery is sought; that both automobiles were unoccupied at the time and that the accident resulted from the fault and negligence of defendant, particularly in failing to park his automobile with such care as to prevent it from rolling downhill, which action was the proximate cause of the accident.
In answer defendant denied plaintiff’s allegations and affirmatively alleged that he had parked his automobile on Louisiana Avenue near the intersection with Fannin Street early on the morning of September 17th, turning the front wheels of said car into the curb, pulling up the emergency brakes, leaving the shift in high gear, and locking the car.
Both on trial and before this court plaintiff relies upon the applicability of the doctrine of res ipsa loquitur.
The facts are simple and undisputed-Early on the morning of the day in question defendant had parked his car at the curb of Louisiana Avenue, a north and south street; a short time later plaintiff parked her car on Fannin Street, an east and west thoroughfare, almost immediately at its intersection with Louisiana Avenue; some time during the day plaintiff found that her automobile had been damaged by another vehicle which had crossed over the sidewalk and crashed into the side of her car parked at the curb on Fannin Street; after some investigation plaintiff determined the ownership of the offending vehicle as being in defendant, and notified him of the accident. Concededly neither party was present at the time of the collision and neither of them had knowledge of the exact facts concerned.
Counsel for defendant strenuously resists the application of the doctrine of res ipsa loquitur in the instant case, predicating his *82 argument upon the contention that plaintiff in her petition alleged specific acts of negligence on the part of defendant without pleading any reliance upon the doctrine of res ipsa loquitur. In support of his position counsel cites the holding of this court in Coffey v. Ouachita River Lumber Company, 191 So. 561, in which the opinion indicated that allegations of specific acts of negligence against a defendant precluded the invocation of the doctrine of res ipsa loquitur on the part of plaintiff. The rationale- of the court’s position was sustained on the ground that otherwise a plaintiff would be allowed “two bites at the cherry”.
. First, we would point out the obvious distinction between the instant case and the Coffey case in that both plaintiff and defendant's agent and employee, who was driving its truck, were present at the time of the, accident in the Coffey case,, and, as shown in the opinion, both parties positively alleged facts which if established would have accounted for the cause of the accident. In the instant case neither party was present at the time, there were no eye witnesses to the accident, and it must be concluded that neither party knew, or had opportunity to know, any fact bearing upon the cause of the collision.
It is quite true that plaintiff has alleged certain specific acts of negligence on the part of defendant, but it is quite apparent that these allegations are, for all practical purposes, conclusions deduced by plaintiff from the few known facts, and we think it follows that plaintiff should not be held to strict accountability in the proof of these allegations for the establishment of her only right to recovery.
As has been many times iterated by the courts of this state the doctrine of res ipsa loquitur is a rule of evidence. We have been somewhat concerned in connection with the matter before us as to whether there are any specific requirements of pleading which are necessary as conditions precedent to the applicability and enforcement of the rule, but have come to the conclusion that specific pleading of the doctrine is not required in cases where the facts themselves invoke its application. We find the pronouncement that the doctrine is a rule of evidence rather than a rule of pleading in 65 C.J.S., Negligence, § 220(3), pages 993, 994. In our own jurisprudence we find the following plain pronouncement in the opinion of Mr. Justice Hamiter of the Supreme Court in Gerald v. Standard Oil Company of Louisiana, 204 La. 690, 16 So.2d 233, 236.
“(Res ipsa loquitur) is not a rule of pleading or of substantive law; rather, it is a rule of evidence, the applicability of which is to be determined on the conclusion of the trial.”
This case offers, as we believe, a perfect exemplification of .the principle above enunciated. The conclusions were susceptible of formulation only after the trial of the case which demonstrated (1) that neither party was chargeable with actual knowledge as to the cause of causes of the accident and (2) that defendant’s automobile was the offending instrumentality.
Under these factual circumstances we think the doctrine of res ipsa loquitur applied and, as a consequence, the responsibility of clearing himself from the imputation of negligence devolved upon defendant.
On the merits defendant alleged and testified that upon parking his car he cut the wheels into the curb, set his emergency brake, left the transmission in high gear, and locked the doors of the vehicle. Defendant further testified that upon arriving at the site of the collision, after its occurrence, he found the doors of the vehicle still locked. But it is of controlling significance that defendant did not testify that the emergency brake was still set and the transmission lever still in high gear. Defendant’s only witness, who accompanied him on the trip to town and was present at the time the automobile was left parked on Louisiana Avenue, could not testify as to the precautions which defendant claimed had been taken upon parking.
Our conclusion with reference to the above facts is that defendant failed to follow through with the proof essential to discharging him from the responsibility in *83 herent in the application of the doctrine of res ipsa loquitur. It is therefore reasonable to conclude that defendant has failed to exculpate himself from the imputation of negligence which follows the application of the doctrine.
The amount of damages sustained by plaintiff is admitted.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of plaintiff, Aline Hamiter, and against the defendant, John Duncan, Jr., in the full sum of $271.50, with interest at the legal rate from date of judicial demand, together with all costs.