Mrs. Marie **BISH**, Appellant,

v.

**EMPLOYERS LIABILITY ASSURANCE CORPORATION, Limited,**
Appellee.

No. 15910.

United States Court of Appeals
Fifth Circuit.
June 28, 1956.

See 217 F.2d 953.

could have been avoided, isn't that true, sir? A. That's right."

Richard H. Switzer and Cleve Burton, Shreveport, La., Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., of counsel, for appellant.

Benjamin C. King and Charles D. Egan, Shreveport, La., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The plaintiff, appellant here, brought suit under the Louisiana Direct Action Statute, LSA–Rev.Stat. § 22:655, against the defendant-appellee, as insurer against liability for negligence of the Toni Company, a division of Gillette Safety Razor Company. The plaintiff, in her complaint, alleged that she purchased a "Toni Home Permanent" set at a Shreveport, Louisiana, drugstore and used it in accordance with the accompanying directions. On the day following, she developed an itching scalp which was followed by skin eruptions. She then was afflicted with a kidney impairment requiring hospitalization and resulting in a severe illness during which her physician and family despaired of her life. The plaintiff, by an amended complaint, averred that she had developed leukemia which would ultimately cause her death. The plaintiff stated, on information and belief, that her condition resulted solely from the use of the Toni Home Permanent. The complaint contained an allegation that the doctrine of res ipsa loquitur applied and the doctrine was pleaded. Damages in the amount of .$195,000 were sought. In addition to denials of the allegations of injury and of its insured's product as causing any injury to the plaintiff, the defendant asserted that the product "Toni Home Permanent" contained no harmful ingredients, and that if the injuries resulted from the use of the product it was because of an allergy or supersensitive skin peculiar to the plaintiff.

The case was tried before the court sitting with a jury. The plaintiff had previously used Toni Home Permanents on two or three occasions without any such prior use being followed by any bad effects. The Toni application was given to her on Thursday, March 15, 1951, by her daughter. The plaintiff had a kidney stone many years before the events from which this controversy arose. She had gall bladder trouble which kept her on a diet. She had previously been treated for high blood pressure. The evening after the day of the Toni application the plaintiff's scalp started itching. On that evening she was at the home of her daughter for a boiled ham dinner and to play Canasta. By Saturday she had developed a severe rash which started on the back of her neck and spread to her scalp. She consulted her doctor and later that day became a patient in the hospital. The rash had covered a good deal of her body and she developed nephritis or Bright's disease. On her arrival at the hospital she was given intravenously eleven milligrams of antihistamine in one thousand ccs. of distilled water. She was also given blood transfusions. About twenty months later the plaintiff developed a virus hepatitis, an inflammation of the liver resulting in or accompanied by jaundice. This was attributed by the plaintiff's doctor to having transfused the plaintiff with blood taken from one having or having had jaundice. The jaundice symptoms led her doctor to suspect that the plaintiff might have a stone in the gall duct. An operation was had and no stone was found. On this occasion the plaintiff was in the hospital between Armistice Day and Christmas of 1952. Her physician made a diagnosis of leukemia but subsequently reached the conclusion that she did not have this serious disease.

The plaintiff's doctor, who testified on her behalf, called her skin eruption "urticaria", which means, he said, skin ir-

ritation, or nettle rash, with "hives" being another word for it. Asked what were the usual causes of hives and urticaria, he answered "Everything in the world, I think, that they do, or eat, could cause it, or it could come from chemical poisonings". He expressed the opinion that the Toni treatment had caused the plaintiff's condition but conceded that she had developed a sensitivity to the Toni solution.

A verdict was returned for the defendant. Appeal was taken from a judgment on the verdict. Eight specifications of error are asserted, of which four are directed to the court's charge to the jury.

 It is assigned as error that the court instructed the jury that before the doctrine of res ipsa loquitur could be applied the burden was on plaintiff to prove that the defendant's assured was guilty of an act of negligence. The court charged, as was proper, that the burden was on the plaintiff of proving by a preponderance of the evidence that the negligence of the Toni Company was the proximate cause of her injuries. The court gave a charge on res ipsa loquitur without any substantial departure from the language requested by the plaintiff. The initial charge of the court dealt with negligence and was thus stated:

"It is the duty of the jury to determine what the facts are, and after determining all of the facts, and then applying the law to them as given by The Court, you will determine if the defendant was guilty of negligence which proximately caused the injuries to this plaintiff, and if you do that then it will be your duty to return a verdict for the plaintiff. But, if, on the other hand, the defendant was guilty of no negligence that proximately caused her injuries, then it will be your duty to return a verdict for the defendant.

"The burden of proof, gentlemen, is upon the plaintiff to prove from all of the facts of evidence that the defendant company, or rather, the Toni Company, was guilty of negligence that ultimately caused her in-

juries, and if she has proved to you by a preponderance of the evidence that the Toni Company was guilty of negligence in the manufacture or distribution of Toni products, and that that negligence proximately caused her injuries, you would find for her. But, if she has failed to do that, then it is your duty to return a verdict for the defendant company."

On res ipsa loquitur the principal charge read:

"Now, in arriving at your verdict, gentlemen, there are certain rules of law that are applicable. It is your duty to consider and make up your verdict from all of the evidence in the case, taking into consideration also the rule of evidence that I will now give you. That rule of evidence is known as the doctrine of res ipsa loquitur, that is, to say the thing speaks for itself, and that rule of law is recognized by the courts as the law in cases similar to this, and that is this: That if you should believe, from the evidence in this case, that Mrs. Bish suffered an injury as a proximate result of the application of the Toni Wave, and if you should believe, from the evidence, that in the application of the product that she used all of the instructions put out by the Toni Company were properly and closely followed as put out, and that no tampering had been done with it, and that nothing else caused her injuries, or her condition, then, under the law, you are authorized to draw the inference of negligence. And by that is meant this: That the rule of evidence applies where plaintiff cannot be expected to have any information as to the manufacture or the ingredients or the effect of the Toni permanent, or have any information as to what might result from the use thereof, whereas the manufacturer must be assumed to have full information of all of these subjects and knows just what material

and what workmanship were used, and what the effects upon a human being might be from the use of these materials and failed to make known those things to the plaintiff, and to the public. That is so particularly where the event following the use of the product is shown to be not that ordinarily expected to occur when the manufacturer uses due care in the manufacture of such a product, and it is not necessary for the plaintiff to go further and prove particular acts of omission or commission on the part of the manufacturer from which the event resulted, but the event itself makes proof of inference of negligence on the part of the manufacturer from which the jury may infer that the manufacturer was negligent, but when the plaintiff has shown that fact—if the plaintiff has shown by a preponderance of the evidence that the product was manufactured by the Toni Company, and that all of the instructions put out by the Toni Company for its application were followed substantially by the one using it, then that inference of negligence arises, but it is not conclusive. It is an inference of negligence that the plaintiff is entitled to have received without further proof.

"Then the burden of proof shifts to the defendant, and, if the defendant proves that it was not negligent in the manufacture, preparation, or distribution of the product, and if it appears to your satisfaction that it was not guilty of negligence, then that inference of negligence vanishes and fades away, and the defendant would be entitled to a verdict. But, unless from all of the evidence in the case, including the inference, you can say that the defendant was not guilty of any negligence —I mean that the defendant was guilty of negligence, and that that negligence proximately caused her injuries, she would be entitled to a verdict, but, if, on the other hand,

considering all of the evidence, the plaintiff has failed to carry out its burden of proving by a preponderance, or the weight of the evidence, that the defendant was guilty of negligence, then the defendant is entitled to a verdict. If the plaintiff has shown that the defendant company was guilty of negligence in the preparation, or in the distribution of the product, and that negligence proximately caused her injuries, then she is entitled to a verdict.

"So that, after all, gentlemen, in short, the case is one that is based on negligence, and if the Toni Company was guilty of any negligence in the preparation—in other words, as explained, if it got its formula mixed up and put an ingredient in there that was poisonous, or deleterious, or injurious, and through its negligence distributed that product, and as a proximate result of that negligence she was injured, then your verdict should be for plaintiff. But, if on the other hand, you find from all of the testimony that the defendant in the distribution of the product and the manufacture of it, one bottle of which was used by Mrs. Bish, was not negligent, then your verdict should be for the defendant."

The Louisiana courts have many times stated and applied the doctrine of res ipsa loquitur. A brief and, we think, accurate statement of the rule as here applicable has been made by the Louisiana Court of Appeals which has said:

"The doctrine of res ipsa loquitur is a rule of evidence in those cases where the plaintiff cannot be expected to have any information as to the cause of the accident, whereas, the defendant, on the contrary, is assumed to be fully informed on the subject, and where the accident is of a kind which ordinarily does not occur when due care has been exercised. The rule of evidence is that the accident speaks for itself and that a presumption of negligence arises from the accident itself. In

such cases the plaintiff need not allege the particular acts of negligence which caused the alleged injury, but the burden is on the defendant to show absence of negligence. The doctrine is an exception from the general rule that the plaintiff who claims damages must allege and prove the facts necessary to establish the negligence of a defendant. See Gerald v. Standard Oil Co. of La., 204 La. 690, 16 So.2d 233, 234; Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 705 [3 A.L.R.2d 1437]." Bush v. Bookter, La.App.1950, 47 So.2d 77, 79.

The plaintiff urges before us that she was required to prove but one thing, that the Toni application was the proximate cause of her injuries. She says that the record speaks such proof eloquently. The principal medical expert for the plaintiff, the doctor who attended her during the illness for which damages are here sought, gave it as his opinion that plaintiff's "whole trouble was due to the application of this Toni to this woman's head", yet he said he did not specialize in skin diseases. He admitted that urticaria, or hives, could be caused by everything that "they do or eat". This doctor it was who diagnosed the plaintiff as having the fatal malady of leukemia and later decided the plaintiff did not have and never did have leukemia. He said too that the plaintiff had developed a sensitivity to the [Toni] preparation, and had accumulated a reaction to it to where her system would not stand the effect of it. The plaintiff points to the testimony of Doctors Hargrove and Arrowsmith, witnesses for the defendant, to support her contention that the Toni treatment was the proximate cause of her injuries. Dr. Hargrove, responding to a question as to an explanation of the plaintiff's symptoms, said:

"There might be at least two assumptions about it. One might be that the Toni has had nothing to do with the rash; that it was simply coincidental with it. The second one would be that possibly she had become sensitized in the previous applications to the Toni wave and then had the rash from this one. I don't know any other explanation."

Dr. Arrowsmith concluded that the plaintiff had a sensitivity to the preparation and that this, rather than any toxic effect of the treatment, might have caused the irritation, but admitted he was guessing and second guessing as he had not examined the plaintiff until she was well on the way to recovery from her skin disorder and her kidney ailment.

■ The court did not charge that plaintiff was required to prove the guilt of defendant's assured of a specific act of negligence before the res ipsa loquitur doctrine could be applied. The doctrine of res ipsa loquitur is not one of causation. It does not dispense with the requirement that the act or omission of the manufacturer on which liability is predicated be established as the proximate cause of plaintiff's injury. Watts v. Ouachita Coca-Cola Bottling Co., La. App.1936, 166 So. 151; Hoyt v. Amerada Petroleum Corporation, La.App.1953, 69 So.2d 546; 65 C.J.S., Negligence, § 220 (8) (b) aa, p. 1011. Only when the cause is established and the manufacturer is identified with it may res ipsa loquitur be called upon to supply lack of proof as to negligence. The Court of Appeal of Louisiana has adopted this general rule thus stated:

" 'Accordingly, although the responsibility of defendant is ordinarily inferred, in conformity with the statements of the rule [res ipsa loquitur], from his management or control of the injuring agency, where all the facts connected with the occurrence fail to point to the negligence of defendant as the proximate cause of the injury, but show a state of affairs where it could with equal reasonableness and consistency be inferred that the accident was due to a cause or causes other than the negligent act of defendant, as where there are several persons or causes which might have produced the injury, some of which were un-

der the control or management of defendant and others of which were under the control or management of the complaining party or of third persons, and the accident may have reasonably occurred by reason of acts for which defendant is not liable, the doctrine cannot be invoked. So the mere possibility that defendant's act could have caused the damage does not warrant the application of the doctrine, and the same is true where it is a matter of surmise or conjecture only that the damage was due to a cause for which defendant is liable." Watts v. Ouachita Coca-Cola Bottling Co., supra [166 So. 153], quoting from 45 C.J. 1213.

■ There was ample evidence from which it could have been found that the plaintiff's condition was not attributable to the Toni treatment, or if so attributable, its genesis was the peculiar condition of sensitivity, allergy or idiosyncrasy of the plaintiff rather than any toxicity of the product.

■ Prejudice is asserted in the giving of the following charge:

"The product put out by the Toni Company known as Toni Permanent Wave—Toni Cold Permanent Wave, if put out according to its formula, is not negligence. In other words, the product that is put out by the Toni Company, if put out in accordance with its formula, is not per se negligence in itself, because the evidence is overwhelming to the effect that there are millions of bottles of it put out and used from which no injury occurs, and in the preparation of which there is no negligence, so that in this particular case, for the plaintiff to win, the plaintiff must show that there was negligence in the manufacturing of the particular Toni product that was purchased and used by this plaintiff—the plaintiff must show that before the plaintiff can recover, and it must be based on such negligence."

The plaintiff regards this portion of the charge as a statement of the court that,

as a matter of law, the Toni preparation was a safe product and thus took from the jury the primary factual issue presented by the case. We do not so read the Court's instruction. It was merely a statement, amply supported by the uncontradicted testimony, that if the preparation was manufactured according to its formula there was no negligence per se in the overall production processes of the manufacturer. The court stated, and correctly stated, that the issue was whether there was negligence in the manufacture of the particular product used by the plaintiff. By plaintiff's expert medical witness, it was developed that a committee of the American Medical Association and the Federal Food and Drug Administration had both given the preparation approval. The court instructed the jury that it was the sole judge of the facts and, at plaintiff's request, charged that if the court expressed an opinion as to what had been proved or disproved, such opinion was not binding and should not affect the deliberations of the jury. There was no exception to the court's charge as to the safety of the Toni formula, and hence no insistence of error can properly be made. Rule 51, Fed. Rules Civ.Proc., 28 U.S.C.A.

The court charged the jury that:

"Likewise, gentlemen, it is immaterial and no evidence of negligence that the box in this case does not contain any warning except upon the directions for the use of the Toni Wave preparation. The mere fact that no warning was placed on the outside of the box would not, and should not be used by you as any inference of negligence, and I instruct you again as to the law, that it was sufficient warning to the users of the Toni preparation to put what was put on the directions for its use, and it isn't necessary to have any other warning on this Toni Preparation than that which was given, so no inference can be inferred from that."

In urging that the giving of this instruction was error the plaintiff says that the

court applied the "barbaric rule" of "let the buyer beware" which, she states, expired no less than fifty years ago. The plaintiff urges the application of the rule that "The manufacturer may be liable for failure to instruct as to the safe method of use of a pharmaceutical preparation which is inherently dangerous". 17 Am.Jur. 864, Drugs and Druggists, § 33. We can subscribe to this statement but it has no application here. The assumption that the Toni preparation is inherently dangerous is not justified by any evidence disclosed by the record. In a California case where, as here, an action for damages was brought for personal injuries claimed to have been caused by the application of a cold wave solution having the same active ingredient as that used in the Toni preparation, it was contended that the failure to warn of the danger in its use was actionable negligence. There it was held:

> "The general rule is that a manufacturer must give appropriate warning of any known dangers which the user of the product would not ordinarily discover." Briggs v. National Industries, 92 Cal.App.2d 542, 207 P.2d 110, 112.

By the Supreme Judicial Court of Massachusetts it has been said:

> "In principle, a manufacturer or other person owning or controlling a thing that is dangerous in its nature or is in a dangerous condition, either to his knowledge or as a result or his want of reasonable care in manufacture or inspection, who deals with or disposes of that thing in a way that he foresees or in the exercise of reasonable care ought to foresee will probably carry that thing into contact with some person, known or unknown, who will probably be ignorant of the danger, owes a legal duty to every such person to use reasonable care to prevent injury to him. This statement of the principle conforms to the rule that a failure to take special precaution against a danger that is only remotely possible is not negligence". Car-

ter v. Yardley & Co., 319 Mass. 92, 64 N.E.2d 693, 696, 164 A.L.R. 559.

As a corollary to these sound rules it follows that in the absence of either a danger or knowledge of a danger of the use of a product, or where there might be only a remote possibility of danger, failure to warn is not negligence. Nor is a warning required as to a product where an injury results from the sensitivity or allergy of a person in the use of a product which would be innocuous to normal people. Levi v. Colgate-Palmolive Proprietary, 41 New So.W.St. 48, 58 New So.W.W.N. 63. The instruction that no warning was required was, upon the facts here shown, a proper one.

The plaintiff specifies that the court erroneously charged that the plaintiff must prove that the manufacturer had improperly compounded its product before the doctrine of res ipsa loquitur could be applied. The instructions should not be so read. It was said, to be sure, that the plaintiff must show, in order to recover, that there was negligence in the manufacture of the particular Toni product used by plaintiff. This portion of the court's charge was followed by the extended instruction on res ipsa loquitur. Any interpretation of the instructions as the plaintiff would have us draw are dispelled by that part of the charge where the court said:

> "It is not necessary for the plaintiff to go further and prove particular acts of omission or commission on the part of the manufacturer from which the event resulted, but the event itself makes proof of the inference of negligence on the part of the manufacturer from which the jury may infer that the manufacturer was negligent."

There is a specification that the court erred in circumscribing the evidence of plaintiff and refusing to permit, on its own motion, the plaintiff to introduce her evidence and prove her case. In support of this assignment, the plaintiff's brief points to the refusal of

the court to admit evidence of the warning appearing on a hair dye package of dangers in its use. This, the plaintiff says, was a departure from the judge's judicial duties by acting as counsel for the defendant in making objections which the defendant might have made, citing 53 Am.Jur. 74, Trial, § 74. The discretion which a court has in the conduct of a trial is not abused in the exclusion of irrelevant testimony. 58 Am. Jur. 308, 309, Witnesses, §§ 554, 555. The need for warnings as to the dangers in using a hair dye would not only be immaterial but prejudicial in a case involving a wholly different and unrelated product.

The plaintiff offered to prove the effect of the application of Toni Home Permanent when applied to white mice by plaintiff's physician. The court sustained objections to testimony as to the results of the experiment. The plaintiff says this was error, relying upon State v. Bass, 186 La. 139, 171 So. 829. The cited case quotes from 16 C.J. 563, Criminal Law § 1094, and supports the general rule that "evidence of an experiment made out of the court is admissible, provided it will enlighten and assist, rather than confuse the jury, by directly illustrating and tending to establish or to disprove a material issue, and provided the experiment was fairly and honestly made under circumstances and conditions substantially similar to those attending the alleged occurrence". See, also, 22 C.J.S., Criminal Law, § 645. In the case relied upon the Supreme Court of Louisiana reversed a murder conviction because no similarity was shown between the registering of powder burns on cardboard in the experiment and upon human flesh in the alleged occurrence. We cannot say that there is such similarity between the experiment and the occurrence in the case before us to find reversible error in the exclusion of the testimony. Applicable is the holding of this court that the extent to which experiments may be admitted is within the sound discretion of the trial court. Trav-

elers' Ins. Co. v. Wilkes, 5 Cir., 1935, 76 F.2d 701, certiorari denied Hirsig v. Travelers Ins. Co., 296 U.S. 604, 56 S. Ct. 120, 80 L.Ed. 428. The discretion was properly exercised.

The plaintiff claims the court erred in refusing to permit defendant's expert witnesses to be cross-examined through the use of standard medical theses. While defendant's witness, Dr. Hargrove, was being cross-examined, counsel for plaintiff endeavored to read excerpts from an article in a medical journal. The defendant's attorney objected to using only portions of the article and expressed willingness to have the whole of the article admitted. Counsel for the plaintiff said he thought it would take too long to read the whole thing, and announced that he would not "pursue that any further". Professor Wigmore has this to say:

"It has been in some courts held that counsel on *cross-examination*, may for discrediting purposes, read a passage from a professional treatise as opposing the statement of an expert on the stand, or ask whether a contradictory opinion has been laid down by others. But this is generally repudiated." Wigmore on Evidence, Vol. VI, P. 18, § 1700(b).

Illustrative of judicial comment is the following:

"The general view is that medical treatises are not in themselves competent evidence, since they constitute statements made out of court by persons not available for cross-examination. A conflict of authority exists as to the use that may be made of them in the cross-examination of experts, many courts holding that they may not be used unless the witness on direct has based his opinions wholly or in part on a particular author, in which case the authority may of course be for the purpose of contradicting or discrediting the witness". Carter Products, Inc., v. Federal Trade Commission, 9 Cir., 1953, 201 F.2d 446, 449.

The court's discretion with respect to the scope of cross-examination was not abused. No error was committed.

Other questions were raised but this opinion need not be further lengthened by a discussion of them. They have not been overlooked. Finding no error, the judgment of the district court is

Affirmed.