EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd., Appellant,

v.

Edmond J. THOMASSIE, Appellee.

No. 18527.

United States Court of Appeals
Fifth Circuit.

Aug. 29, 1961.

Robert E. Leake, Jr., Faris, Leake & Emmett, New Orleans, La., for appellant.

Bernard Titche, Jr., Stanley McDermott, Jr., Titche & McDermott, New Orleans, La., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and THOMAS, District Judge.

CAMERON, Circuit Judge.

Appellee Thomassie brought this action against appellant Assurance Corporation to recover damages for injury to his eye occasioned by the explosion of a bottle of beer he was handling. The beer had been bottled by Jax Brewery, and appellant is its insurance carrier. The trial judge, sitting without a jury, concluded that the doctrine of *res ipsa loquitur* applied; and, largely on the authority of Ortego v. Nehi Bottling Works, 1942, 199 La. 599, 6 So.2d 677, that appellee, plaintiff below, was entitled to recover. The amount of damages awarded is not challenged.

The facts, as found by the court below, constitute, in our opinion, a correct and clear statement of the facts disclosed by the record; and we copy them in the margin insofar as they relate to liability, finding as we do that the court below was justified in making them.[1] Based upon these findings the court below concluded that the doctrine of *res ipsa loquitur* applied under the case of Gerald v. Standard Oil Co. of Louisiana, 1943, 204 La. 690, 16 So.2d 233, and that appellee was entitled to a judgment on the merits, chiefly on the authority of the Ortego case, supra.

Appellant pitches its argument for reversal chiefly upon the assertion that the appellee had made three separate statements, differing in essential details, as to what he was doing with the beer when it exploded; and upon the heavy reliance of the court below on *res ipsa loquitur*.

1. "Edward J. Thomassie is the proprietor of a restaurant and bar, by the name of Club 90, which is located on Jefferson Highway on the outskirts of the City of New Orleans. * * *

"The cases of beer when delivered to this establishment are stored in a room in the rear of the premises. There is a cooling box of the type known as a 'dry cooler' located under the bar, in which box are kept the bottles of beer which are served to the patrons of the establishment. A 'dry cooler' box is the type of box which contains no ice but in which the refrigeration is obtained by pipes, through which flow the refrigerant mixture. * * *

"In the early morning hours of May 23, 1957, plaintiff had moved a case of Jax beer from the storage room and had placed it contiguous to the box under the bar, and was engaged in removing bottles of Jax beer from the case in which they had been delivered and placing them in the cooler box. Plaintiff was stacking the bottles horizontally in the box in such a manner as to obtain maximum amount of storage. He was handling the bottles carefully. No bottle was frozen or stuck to the side of the box, and no force was being applied by plaintiff. * * *

"During the process of transferring the bottles from case to cooling box, a bottle of Jax beer exploded and a fragment of glass from it struck plaintiff in the left eye, penetrated the lower lid, and entered the eyeball itself. The explosion was caused by internal pressure."

The credibility of the appellee is a matter committed largely to the court below, which heard his testimony along with that of all the other witnesses. The statement made by the trial judge to counsel at the conclusion of the testimony of appellee carries weight as a spontaneous estimate of Thomassie's testimony, which had been given a short time before the statement was made.[2]

██ The Ortego case has been cited with approval twenty-eight times by Louisiana Courts and we find no decisions which question the principles announced by it. We think the court below was justified in relying upon it as a good statement of Louisiana law.

 The trial judge heard the witnesses testify and his estimate of the weight of their testimony is controlling unless we find that it is clearly erroneous. Appellant cites quite a few Louisiana cases relating to the quality and credibility of the proof, but this is a matter which is governed by federal law. Revlon, Inc. v. Buchanan, 5 Cir., 1959, 271 F.2d 795; and authorities cited on page 800; Dement v. Olin-Mathieson Chemical Corp. (E. I. du Pont De Nemours and Company v. Dement) 5 Cir., 1960, 282 F.2d 76, 81, 85.

Reliance upon the doctrine of *res ipsa loquitur* in a case such as this has the backing of the Supreme Court of Louisiana, Gerald et ux. v. Standard Oil Company of Louisiana, 1943, 204 La. 690, 16 So.2d 233,[3] and its applicability to a case of this nature has had the sanction of this Court. See the Revlon and Dement cases, supra, and cases cited in them.

We think that the decision rendered by the trial court was based upon an accurate understanding of the law and that it is clearly supported by the evidence.

Affirmed.

2. "I will say this, we have no jury here and I want to say that regardless of the contradiction of this statement I am impressed with the veracity of not only the plaintiff but the other witnesses, particularly Mr. Rivet and—well, I'll say with all the witnesses, particularly the lady who was sweeping the floor. I'm convinced this accident happened just like they say it did unless counsel has some other evidence. He says nobody was there. I understood he had no witnesses who were present."

3. This case has been cited thirty-six times by Louisiana Courts.