AYRES, Judge.
This action ex delicto was brought by plaintiff against the defendant, owner and operator of a beauty salon, to recover damages allegedly sustained because of injury and damage to her hair from the *918 application of chemicals in giving her permanent waves on either or both of two occasions- — -the first on July 31, 1964, and the second about three weeks later. Plaintiff alleges that her hair, because of the negligence of defendant and her employee in giving her the permanents, became dry, brittle, and unmanageable, and that patches of it fell out, which necessitated that she buy and wear a wig.
After trial, there was judgment rejecting plaintiffs demands and she appealed.
Of prime importance is the question of defendant’s liability. Although making reference to specific acts of negligence, plaintiff relies heavily upon the doctrine of res ipsa loquitur. That, under an appropriate state of facts, this doctrine may be applied in cases involving injuries sustained by a patron of a beauty salon is well established. Lanza v. Metcalf, 25 So.2d 453, La.App., 2d Cir.1946; Bush v. Bookter, 47 So.2d 77, La.App., 1st Cir. 1950; Martin v. Lehmann, 147 So.2d 243, La.App., 4th Cir.1962.
Defendant contends, however, that the doctrine is without application to the facts of the instant case.
First, consideration may be given to the doctrine itself. The phrase “res ipsa loquitur,” literally translated, means the “thing” itself speaks or the “thing” speaks for itself. The doctrine is that, when a “thing” which causes injury without fault of the injured person is shown to be under the exclusive control, actual or constructive, of a defendant, and the injury as such in the ordinary course of things does not occur, if the one having such control uses proper care, then the injury is presumed to have arisen from defendant’s want of care. Shields v. United Gas Pipe Line Company, 110 So.2d 881, 884-885, La.App., 2d Cir.1959.
In the cited case we had occasion to make the further observations which appear appropriate here:
“To clarify and facilitate an understanding of the doctrine, this question appears appropriate: What is the ‘thing’ which speaks? In -this regard, it may be pointed out that the thing which speaks is the unusual factor within the causal chain which connects-the injury to the plaintiff with the act or omission of the defendant.
“In the absence of special circumstances sufficient to bring into operation the doctrine of res ipsa loquitur, the mere happening of an accident or occurrence of an injury does not raise a presumption or authorize an inference of negligence on the part of the defendant. Dorman v. T. Smith & Son, Inc., 223 La. 29, 64 So.2d 833; Meyerer v. S. H. Kress & Co., La.App., 89 So.2d 475; Jones v. Shell Petroleum Corp., 185 La. 1067, 171 So. 447; Morales v. Employers’ Liability Assur. Corp., 202 La. 755, 12 So.2d 804; 65 C.J.S. Negligence § 220(1), p. 985. The doctrine is a rule of evidence peculiar to the law of negligence and is an exception or a qualification of the general rule that negligence is not to be presumed but must be affirmatively established. Plunkett v. United Electric Service, supra [214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437]; Gerald v. Standard Oil Co. of Louisiana, 204 La. 690, 16 So.2d 233.
“As a preliminary proposition, plaintiff must establish the ‘thing’ that caused the injury. The doctrine of res ipsa loquitur permits an inference that the known act which produced the injury was a negligent act, but there is no inference as to what act produced the injury, and no foundation is laid for the application of the doctrine where the physical act or the thing which caused the injury is unknown or is not disclosed or identified. 65 C.J.S. Negligence § 220(8), subsection (b). Nor is the doctrine applicable where the injury might have *919 been brought about by one, two or more causes, neither of which is included or excluded by any affirmative showing. Kean’s v. National Surety Corp., La.App., 53 So.2d 427.
“ * * * Nor can the doctrine be invoked, when the accident might have happened as the result of two or more causes, with some of which defendant Rad no causal connection. Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389; Morales v. Employers’ Liability Assurance Corp., supra; Dorman v. T. Smith & Son, Inc., supra.”
The inference or presumption arising from the happening of an accident does not attach to one who is not shown to have been in control of the operation which produced the injury. Arrington v. Hearin Tank Lines, 80 So.2d 167, La.App., 2d Cir. 1955; Lockwood v. Kennedy, 44 So.2d 176, La.App., 2d Cir.1950.
A detailed discussion of the facts of the instant case pertaining to the application of the doctrine relied upon is deemed unnecessary. It suffices to say that no single ■causative occurrence, or series of such •occurrences, shown to have been under the ■exclusive control of the defendant has been ■established under which the doctrine might he invoked. To the contrary, the evidence refers to a series of possible causes of plaintiff’s difficulty, some of which were neither administered by nor under the control of the defendant, such as self-administered oil treatments, the taking of anovulatory drugs, and chemicals applied at home, the effects of all or some of which may have required that plaintiff seek medical assistance initially on September 23, 1964. Plaintiff’s medical expert testified that loss of hair could be caused by worry, fatigue, and nervous ■disorders, as well as a hormone imbalance which could result from drugs such as the ■one plaintiff had been taking prior to her cause for complaint which precipitated this action.
Thus, inasmuch as the difficulty of which plaintiff complains may have been brought about by two or more causes with some of which defendant had no connection, the doctrine of res ipsa loquitur has no application.
Acts of negligence charged to defendant consist of five specifications: (1) the failure to take test curls before, during, and after applying the waving solution; (2) that the hair was overprocessed by too long a treatment; (3) that the operator failed to give proper attention to-plaintiff during the administration of the process; (4) in allowing an unlicensed operator to assist in the proceeding; and (5) in giving a second permanent wave within a 3-week period.
Defendant’s employee, who applied both permanents, expressed the opinion that whatever damage was caused resulted from the July permanent. This employee testified that the solution was applied properly, after which she waited ten minutes, the customary and recommended period for the solution to remain on the hair, and offered to take a test curl, but that plaintiff insisted that the solution be left on for an additional few minutes. The employee yielded to plaintiff’s wishes, and it was the employee’s opinion that the damage was due to the extended treatment insisted upon by plaintiff. Plaintiff, however, denied instructing the employee to leave the solution on beyond the recommended period, but admits that, in the past, the waving solutions had been applied for periods of 12-20 minutes before they would “take” on her hair.
Between the July and August permanents, plaintiff returned to defendant’s shop, had her hair shampooed and oil treatments applied. During this interval, plaintiff saw no damage to her hair, but was convinced that the first permanent had not “taken.” After receiving the August permanent, plaintiff testified she immediately noticed that her hair had been damaged, and that it became dry, snarled, and began to shed. *920 After the latter permanent was obtained, plaintiff applied several heat-cap treatments to her hair using a lanolin-based cream in an effort to restore oils to her hair. These treatments were administered by plaintiff herself in her home.
The record reveals serious and irreconcilable conflicts in the testimony. The burden is upon plaintiff, as in all civil cases, to establish her claims to a legal certainty by a reasonable preponderance of the evidence. From a review of the record, it cannot be concluded that plaintiff has sustained this burden and established actionable negligence on the part of the defendant.
We find no manifest error in the judgment appealed and it is accordingly affirmed at plaintiff-appellant’s cost.
Affirmed.