TATE, Judge.
The plaintiff Mrs. Gauthier slipped and fell in a department store. She 'sues the store’s liability insurer to recover for her personal injuries. She appeals from the dismissal of her suit.
The trial court held that the preponderance of the evidence did not prove that the plaintiff’s fall was caused by the negligence of the store’s employees. By her appeal, Mrs. Gauthier contends that the trial court required of her too strict a burden of proof and that the practically uncontradicted circumstantial evidence sufficiently proves the store’s negligence or else justifies an unre-butted inference to this effect by application of the principle of res ipsa loquitur.
It is undisputed that Mrs. Gauthier fell in an aisle while shopping in the store of the defendant’s insured. She believed she had slipped on an inconspicuous muslin dusting cloth in the aisle. The defendant does not deny that such a dusting cloth was in the vicinity prior to her fall, nor that it was a dust-cloth used by store employees in dusting. Tr. 141. The evidence further shows that such a cloth had a slippery effect if stepped upon while om the floor.
As will be shown, under our analysis-of the evidence, the ultimate factual issue-is simple: Did Mrs. Gauthier slip and fall’ because she stepped upon the store’s dusting cloth? But before we resolve this-issue, we must first discuss the legal principles and questions of burden of proof in-the light of which this issue becomes decisive.
First, undoubtedly the storekeeper’s duty to maintain a safe passageway-for its customers was breached if one of its employees had caused the inconspicuous-dust-cloth to be in the aisle creating a foreseeable hazard to customers. Dever v. George Theriot’s, Inc., La.App. 3 Cir., 159 So.2d 602; Lindsey v. Travelers Indemnity Co., La.App. 2 Cir., 111 So.2d 153. On the other hand, if instead the dust-cloth was-placed there by a customer or other third person, the store is not legally responsible-for this other customer’s fall unless the store had actual or constructive notice of the hazard so created and nevertheless-failed to remove it, or unless it breached' some duty of periodic inspection to keep-its passageways safe. Lejeune v. Hartford Accident and Indemnity Co., La.App. 3 Cir., 136 So.2d 157; Professor Wex Malone, “Liability of Proprietors of Public Places”). 25 La.L.Rev. 334 (1965).
If a customer falls while using at store-aisle, no presumption of fault on the-part of the storekeeper arises from this circumstance; in this respect, the doctrine-of res ipsa loquitur does not ordinarily apply to slip and fall cases. Lejeune v. Hartford Accident and Indemnity Co., cited above; see also Levine v. Hartford Accident & Indemnity Co., La.App. 3 Cir., 149 So.2d 433. As these decisions note, if a patron-is injured because of some aisle-hazard,, he has the burden of proving by a preponderance of the evidence that his fall was occasioned by fault on the part of the storekeeper.
*439 Proof by a preponderance of the evidence requires only that the evidence as a whole shows that the fact or causation sought to be proved is more probable than not. Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276; Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395; Perkins v. Texas & N. O. Railway Co., 243 La. 829, 147 So.2d 646. This proof may be made not only by direct evidence, but also by circumstantial evidence which excludes other reasonable hypotheses “with a fair amount of certainty.” Naquin v. Marquette Cas. Co., cited above at 153 So.2d 397.
We have heretofore been speaking primarily of the burden of proof as to fact or factual causation. There is an additional problem intertwined with this in tort cases, the burden of proof as to the ultimate conclusion of negligence or not.
In this latter respect, the principle of “res ipsa loquitur” (the thing speaks for itself) sometimes comes into play, -whereby negligence is inferred on the part of a defendant because the facts indicate this to be the more probable cause of injury in the absence of other explanation by witnesses found credible. Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162; Larkin v. State Farm Mutual Auto. Ins. Co., 233 La. 544, 97 So.2d 389; Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L.Rev. 70 (1941).
As these authorities note, the principle is really a rule of evidence which is ■determined as applicable or not at the conclusion of the trial. Where there is no ■direct evidence of the defendant’s negligence, then in satisfaction of the plaintiff’s burden to prove same preponderantly, he ■may be permitted by application of this ■principle to rely upon an inference of the •defendant’s negligence which arises from ■proof of the accident and the surrounding •circumstances. See especially Larkin v. State Farm, cited above.
In its most recent expression, the Supreme Court has suggested that the real test of applying the principle is as follows : “Do the facts of the controversy suggest negligence of the defendant, rather than some other factors, as the most plausible explanation of the accident?” Pilie v. National Food Store, cited above at 158 So.2d 165. (Italics ours.) On the other hand, application of the principle is defeated if “an inference that the accident was due to a cause other than defendant’s negligence could be drawn as reasonably as one that it was due to his negligence.” 158 So.2d 165. (Italics ours.)
Mrs. Gauthier argues that, applying these principles, the following evidence justifies an inference of negligence of the store employees which created the aisle-hazard causing injury to her: She slipped on the inconspicuous dust-cloth in the aisle. The dust-cloth was the store’s and was one ordinarily used by store employees in dusting. The store witness agreed that, if the ironing-board was (as Mrs. Gauthier testified) in the center of the aisle instead of next to the counter, it was probable that it had been so moved by store employees to permit dusting. The store produced absolutely no witness to rebut an inference that the dust-cloth had been left where it might create a hazard by the store employee presumably using it prior to the accident.
Plaintiff’s counsel argues most ably that the “most plausible” explanation of the plaintiff’s accident is that a store employee negligently left the dust-cloth on the floor so that it resulted in the plaintiff’s fall, and that any other hypotheses are not "as reasonable.” Counsel suggests that this is especially true if we take into consideration the complete failure of the defendant to produce store employees who could explain how the store’s dust-cloth ended in the vicinity of the fall, with the relative ease if the witness were found credible of showing that the dusting employee was not at fault (if not so) in his disposition of the dust-cloth. Thus, it is argued, res ipsa loquitur supplies an inference of the de *440 fendant’s negligence by the tests set forth in the jurisprudence previously cited.
This may well be so, if it is accepted as proved that Mrs. Gauthier slipped on the dust-cloth on the floor[1]. However, the missing link in this chain of causation is a proof by a preponderance of the evidence— i. e., that it is “more probable than not”— that the plaintiff did indeed slip on the dust-cloth. As we shall show, it is equally probable under the evidence that, before the plaintiff’s fall, the dust cloth was safely up on an ironing-board, so that the plaintiff could not have slipped upon it.
Careful study of the trial court’s opinion indicates that its essential holding was that the plaintiff had not proved she slipped on the dust-cloth. See Tr. 24. Counsel for the appellee insurer strongly urges (although in the alternative) that the plaintiff did not preponderantly prove such.
Mrs. Gauthier must rely only upon her own testimony to prove this fact. No one else saw the accident, and no one else testified as to the appearance of the scene before she slipped. And we may say that she seemed to be an honest but inarticulate witness, who attempted to testify to the best of her recollection as to her somewhat confused impressions of a sudden and unexpected accident.
Her testimony did not constitute direct proof of the fact at issue: she stated repeatedly that she did not see the rag on the floor before she fell. Tr. 36, 37, 69, 30, 71, 73. She relies upon circumstantial evidence: after she had fallen “all at once”, Tr. 34, then she saw the rag on the floor on the end of her shoe as if her heel had dragged it. Tr. 36, 37, 69, 70 [2]. And of course, if this were all the testimony, this circumstantial evidence might by itself be sufficient proof that she had slipped on the rag, for under this testimony it is more probable than not that her fall was occasioned by the dust-cloth found under her heel after she fell.
With commendable frankness, however, this witness admitted that, before the accident, she saw a dust-rag hanging from the ironing-board in the aisle, Tr. 63, 64, 69, 70, 71, 72; the very ironing-board which she knocked over when she fell, so that a loose cloth laying on it would be knocked to the floor. Although she believed the cloth she saw on the ironing-board was a different one from the cloth she slipped on, nowhere in her testimony (cf. Tr. 73), or in that of the store witness does it appear that anyone saw two dust-cloths at the scene after she fell.
Only the store’s assistant manager testified for the defendant. When he arrived shortly after Mrs. Gauthier’s fall, he saw a dust-cloth laying on top of the ironing-board (which board Mrs. Gauthier had propped up again when she got up from her fall). He saw only this one rag. Tr. 141, 142. The chief manager of the store at the time of the fall did not testify, since he had been transferred from this region, but *441 there is in evidence an admission against interest made by him that, after Mrs. Gau-thier’s fall, he found a muslin dusting cloth on the floor at the scene. Tr. 78. Of •course, this does not have probative force as to whether the cloth was on the floor rather than on the hoard before Mrs. Gau-thier slipped and knocked the board and any cloth on it to the floor.
Weighing the evidence as to whether Mrs. Gauthier slipped because the store’s dust-cloth was on the aisle-floor, we conclude as did the trial court that she did not carry her burden of proving that the cloth was on the floor prior to her fall. Considering her admission that she saw a dust-cloth up on the ironing-board before she fell and her positive testimony that she did not observe any dust-cloth on the floor before the fall (she was looking at the cake-pans on display), as well as the lack of any positive evidence that there were two dust-cloths, we have come to the conclusion that it is equally probable that Mrs. Gauthier slipped for unknown cause and knocked the dust-rag from upon the board to her feet, as it is that she slipped on the dust-rag — in short, she has not proved that it is “more probable than not” that the store dust-rag was on the floor prior to her fall so as to cause it, and thus to satisfy her burden to prove by a preponderance of the evidence this fact essential to her theory of recovery.
Under the evidence, therefore, Mrs. Gau-thier fell for some unknown cause; possibly the store’s dust-rag it is true. However, the mere fact of her fall raises no presumption by itself that she fell because of the store’s negligence. See the Lejeune and Levine cases earlier cited. While the unexplained presence of the store’s dust-cloth at the scene does raise a distinct possibility that the fall may have been caused by the store’s negligence, nevertheless— considering that under the evidence the dust-cloth may equally well have been left on the ironing-board and safely out of the customer’s passageway — , we can as reasonably infer that the accident was due to a cause other than the store’s negligence (i.e., a not uncommon unexplained slip), as that the store’s negligence (leaving the slippery dust-cloth in the aisle) caused the fall.
Since therefore under the evidence as a whole we cannot infer that the store’s negligence is “the most plausible explanation of the accident”, Pilie at 158 So.2d 165, Mrs. Gauthier is unable to rely upon the principle of res ipsa loquitur as permitting her to satisfy her burden of proving the store’s causal negligence by a preponderance of the evidence.
For the foregoing reasons, we affirm at the plaintiff’s cost the judgment of the trial court dismissing her suit.
Affirmed.

. [By author of this opinion.] The writer is frank to say that he agrees with counsel’s argument in this respect. While the defendant’s counsel persuasively argues that the dust-cloth may have fallen on the floor from some other cause (such as the act of another customer shortly before the plaintiff’s fall), the application of the principle of res ipsa loquitur is not defeated merely because some other cause than the defendant’s negligence is possible although not as probable. See Naquin v. Marquette Cas. Co., cited above, at 153 So.2d 397. However, the court as a whole has determined to pretermit decision of this issue, which is unnecessary for the deciding of tbis appeal under our unanimous view that the facts do not preponderantly prove that the dust-cloth was on the floor before the plaintiff’s fall.

. See Tr. 3G: “Q. When you first saw the rag, where was it?
“A. It was on the end of my shoe.
“Q. Was that after you had fallen?
“A. Yes, when I got up and seen it, I saw what I walked on * *
See also Tr. 69, where she replied “Yes” to the question, “And I believe you said also that the first time you saw this cloth that you fell on was when you were getting up?”