FRUGÉ, Judge.
This is a suit instituted by Gloria D. Veillon, wife of Rodney Veillon, against the insurer of her husband’s automobile, State Farm Mutual Automobile Insurance Company, for injuries received as a result of an accident which occurred on Tanuary 5. 1964.
The facts of this case are that on January 5, 1964, plaintiff and her husband, together with their two children, left their home for a visit to relatives. Shortly after leaving their home, plaintiff remembered that she had forgotten a package and so Mr. Veillon turned around and drove home for the package. Arriving at their home, plaintiff, disembarked to get the package and upon her return she -reentered the automobile, seated herself in the right front seat, and closed the door. Having proceeded some three to six feet, Mr. Veillon driving, as testified, in a normal manner, plaintiff fell out of the automobile, falling in a sitting position, and hitting her coccyx bone. As a result of this accident, plaintiff suffered a ruptured intervertebral disc, which was confirmed by a myelogram and which was later removed by an operation.
The record also reveals that several weeks prior to the accident Mr. Veillon had collided with one of his cows at dusk, striking the cow with the right front portion of his automobile. Mr. Veillon testified that he examined the damage done to his car the next morning after this accident and found that, “The fender had crossed over onto the door and body,” and this kept the right door from opening. In order to correct this, Mr. Veillon used a hydraulic jack to push the right fender back off the door so that the right door could open freely. He made no other repairs on the fender, and since the door was opening and closing to his satisfaction, did not have the car checked by a qualified body or fender man.
The lower court found that the plaintiff, Gloria Veillon, did not sustain the burden of proving negligence on the part of her husband by a preponderance of the evidence. The lower court further concluded that even if the husband, Rodney Veillon, had breached a duty of care to his wife in failing to tell her to be aware of the door (which the lower court did not find from the evidence), then she was contributorily negligent in that she had notice of the alleged defect in the door prior to the accident.
Plaintiff has appealed, alleging the lower court erred in not finding the insured, Mr. Veillon, was negligent in not having the right front door of his automobile repaired promptly, in transporting plaintiff in an automobile with the door in this defective and dangerous condition, and in not warning plaintiff of this said condition.
Plaintiff argues that since the injury to her was caused by an instrumentality (i. e., *804 the car) which was under the exclusive control of the insured, an inference or presumption of negligence arises and the doctrine of res ipsa loquitur should apply.
In order for the doctrine of “res ipsa loquitur” (the thing speaks for itself) to come into play, the inferred negligence of the defendant must be the more probable cause of the injury in that the facts indicate this in the absence of another explanation. Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162; Larkin v. State Farm Mutual Auto. Ins. Co., 233 La. 544, 97 So.2d 389; Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L.Rev. 70 (1941).
As this court recently said in the case of Gauthier v. Liberty Mutual Ins. Co., La.App. 3 Cir., 179 So.2d 437:
“In its most recent expression, the Supreme Court has suggested that the real test of applying the principle is as follows: ‘Do the facts of the controversy suggest negligence of the defendant, rather than some other factors, as the most plausible explanation of the accident?’ Pilie v. National Food Store, cited above at 158 So.2d 165. On the other hand, application of the principle is defeated if ‘an inference that the accident was due to a cause other than defendant’s negligence could be drawn as reasonably as one that it was due to his negligence.’ 158 So.2d 165.” (Italics ours.)
Following this jurisprudence, the question then to he answered is, is there an inference that the accident was due to a cause other than defendant’s negligence which could be drawn as reasonably as one that it was due to his negligence?
To answer this question, the facts leading up to the accident should be re-examined.
When the car was damaged seven or eight weeks prior to the accident in which Mrs. Veillon was injured, the extent of damage was to the front door, right headlight and right front fender. The right front fender was bent back in such a manner that the right front door could not be opened until the fender was either removed or bent forward. Mr. Veillon used a hydraulic jack and bent or pushed the fender back in line, thereby releasing the door. The record is void of any fact that the door or the latch of the door was damaged by the aforesaid accident. Mr. Veil-lon did testify that it was necessary to slam the door closed, being that it was a “two door automobile and the doors of a two door car are harder to close.”
During the period between the accident with the cow and Mrs. Veillon’s injury, it was testified that Mrs. Veillon used the car on numerous occasions (probably more than her husband had driven it). The record also reveals that there was never a time either before or after Mrs. Veillon fell out of the car that the right door unexpectedly opened. Since the accident, the car has continually been used by both plaintiff and her husband and no other in-cidént of this type has occurred.
Mrs. Veillon testified that after re-entering the car she did not check to see whether she had properly closed the door and she was unable to testify that she had closed the door properly immediately prior to falling out of said door.
Under these facts we believe an inference can be drawn as reasonably (if not more so) that the cause of this accident was the failure of Mrs. Veillon, the plaintiff, to properly close the door to the car, as that of some negligent act on the part of her husband.
Therefore, under the evidence, we cannot infer that Mr. Veillon’s negligence was “the most plausible explanation of the accident,” and so plaintiff is unable to rely upon the principle of res ipsa loquitur to satisfy her burden of proving Mr. Veillon’s causal negligence by a preponderance of the evidence.
*805 As to the other ground urged by plaintiff that her husband should have warned her that the car door was defective, we can only reiterate what has been said before, that is, there is no evidence of any specific mechanical damage or defect to this door. Since plaintiff has failed to show, let alone prove, by a preponderance of evidence that this door was defective in any way, the allegation that Mr. Veillon breached a duty to warn her of the alleged defective door must fail.
For the foregoing reasons, the judgment of the lower court is affirmed, costs of this appeal to be taxed to the appellant.
Affirmed.