TUCKER, Judge.
This is a suit by Walter L. McCann, individually and on behalf of his son Alvin E. McCann, originally brought against the Baton Rouge General Hospital and its insurer Argonaut Insurance Company, for injuries sustained by his son during surgery at the Baton Rouge General Hospital on October 4, 1968. By a supplemental and amended pleading the plaintiff brought in as a party defendant the operating surgeon, Dr. Alvin Stander, and his insurer, St. Paul Fire and Marine Insurance Company.
On October 4, 1968, Alvin McCann, then fourteen years of age, was injured while playing football at Broadmoor Junior High School. He was initially taken to a pediatrician, Dr. David Miller, who recommended that he be taken to an orthopedist. Following examination at the Bone and Joint Clinic he was taken to the Baton Rouge General Hospital for surgery. Alvin’s parents, Mr. and Mrs. Walter Mc-Cann, met him at the hospital and helped him to secure a room. His father, Walter McCann, helped Alvin to change from his football uniform to a short hospital gown for surgery. He did not notice at that time that his son had sustained any injury but that to his elbow.
Alvin McCann then was wheeled into the surgery suite of the hospital. His parents accompanied him to the door of the anteroom, but did not see him again until he had been returned to his own hospital room. In the ante-room Alvin was given a pre-operative injection which rendered him unconscious. In the operating room Dr. Alvin Stander performed a close reduction on Alvin’s elbow, addressing himself only to that area of his body. Dr. Stander saw Alvin McCann and had contact with him only during his elbow surgery and only in the operating room. Following surgery Alvin McCann was wheeled to the recovery room and thence to his own private room.
When Alvin began to recover from the effects of his general anesthetic, he complained of pain in his leg. His father pulled up his hospital gown and discovered on his left thigh a large blister, or burn-like lesion, which required approximately eight months of treatment, has left a substantial scar, and will require future skin grafts and surgery to remove or improve the appearance of the scar. Despite extensive attempts at discovery, involving the interviewing of numbers of people, and the taking of their depositions, the plaintiff still does not know the cause of Alvin’s left thigh lesion. In his supplemental and amended petition plaintiff alleges certain additional injuries to Alvin’s geni- *620 taba and reproductive ability, the cause of which he is not able to explain either.
Plaintiff sued the Baton Rouge General Hospital, Dr. Stander, and their respective insurers for the following sums: The Baton Rouge General and insurer for $1,-627.00 past and future medical and other expenses for the injuries; the Baton Rouge General and insurer, on behalf of his son, for $15,000.00 for mental pain, suffering, and anguish; Dr. Stander and insurer, $10,127.00 for past and future medical and other expenses for injuries sustained by Alvin; Dr. Stander and his insurer, on behalf of his son, $100,000.00 for physical pain, suffering and anguish, and for injuries to genitalia, resulting in the loss of virility and anxiety caused thereby. Plaintiff requested a trial by jury.
Suit was initiated on October 2, 1969. The parties litigant agree with respect to the chronology and disposition of the filings thereafter. An exception of vagueness, filed November 12, 1969 on behalf of Dr. Stander and St. Paul, was overruled on January 26, 1970, without prejudice to defendants-appellees from re-asserting the exception after discovery was had. Plaintiff-appellant conducted extensive discovery procedure by taking depositions and otherwise investigating the circumstances prior to March 22, 1971, which date was the deadline for completing such discovery. On February 5, 1971 Dr. Stander and St. Paul filed a motion for a summary judgment, which was overruled by the lower court by its judgment rendered on April 14, 1971.
On April 30, 1971 Dr. Stander and St. Paul again filed an exception of vagueness and also an exception of no cause or right of action. This second exception of vagueness was overruled, but the trial court maintained the exception of no cause of action, granting plaintiff-appellant five days within which to amend his petition.
On May 26, 1971 plaintiff-appellant applied to this court for supervisory writs, and this application for writs was denied by this court on June 8, 1971 for the reason that the judgment of the lower court was final insofar as the dismissal of the defendants, Dr. Alvin Stander and his insurer, St. Paul Fire and Marine Insurance Company, and the relator (plaintiff-appellant) had an adequate remedy by appeal.
Plaintiffs originally relied upon the doctrine of “res ipsa loquitur.” In his exception of no cause of action the defendant, Dr. Stander, stated that the supplemental and amended petition had not alleged his negligence sufficiently to constitute a cause of action against him. From the judgment in the lower court maintaining Dr. Standees exception of no cause of action plaintiff has appealed, alleging that he has stated every fact known to him, surrounding the circumstances of Alvin’s thigh and genitalia injuries. He urged the doctrine of “res ipsa loquitur," and argues it on appeal not contending malpractice, which is not alleged, but calling upon Dr. Stander to account for the “untoward event” of Alvin’s still unexplained injuries which occurred during the time that he was unconscious and anesthetized.
The paragraphs of plaintiff’s original petition which are rejected by defendant as insufficient to state a cause of action against him are given below:
8.
“Alvin McCann, while in defendants’ care, also suffered injuries to his reproductive organs to the extent that his capability to reproduce is completely or greatly destroyed.
10.
“The injury to the leg of petitioner’s son, Alvin McCann, and the injury to his reproductive organs resulted from certain acts of negligence of the Baton Rouge General Hospital and Dr. Alvin Stander, or through acts of their agents, servants and/or employees, details of which acts are peculiarly within the knowledge and control of the defendants.
*621 11.
“By virtue of the facts set forth above, the doctrine of res ipsa loquitur is applicable against defendants.
12.
“It is further alleged that the acts of negligence of the respective defendants mentioned above proximately caused the injuries sustained by plaintiff’s minor son herein.”
In his appellate brief counsel for plaintiff concedes that generally, in order to state a cause of action, a plaintiff must allege in his petition sufficient facts to establish the negligence of defendant (Mc-Cann appellate brief, p. 7); but where the injured plaintiff has no knowledge of the facts surrounding his injury, where only the defendants were in a position to know these facts, and where the doctrine of res ipsa loquitur “is possibly applicable,” (Mc-Cann 8), the general rule does not apply, according to plaintiff. In such a case plaintiff-appellant argues that the negligence of the defendants must be inferred from the circumstances and plaintiff has no need to allege specific facts of negligence to state a cause of action. Plaintiff-appellant then proceeds to argue rather inconsistently that the res ipsa loquitur doctrine which he has been urging the court to accept in lieu of a specifically pleaded cause of action, should not be used until the conclusion of the trial, citing King v. King, 253 La. 270, 217 So. 395 (1968); that it should not be used to deny the plaintiff, even before a trial on the merits, the use of the doctrine (McCann 8). We concur. We also agree with the judgment of the lower court which gave brief, uninformative reasons for judgment, but which found that plaintiff had not set forth a cause of action against Dr. Stander and his insurer.
The doctrine of res ipsa loquitur, borrowed from the Common Law and its judge-jury system of deciding tort questions, is not a rule of pleading (Malone, Res Ipsa Loquitur, 4 La.L.R. 70, 92 (1941).). In Louisiana where fact pleading is required by the Code of Civil Procedure, Arts. 854 and 891, the plaintiff must still state a sufficient causal basis to raise a reasonable inference with respect to defendant’s negligence being a causative factor, even though plaintiff may not know every detail of the injury, and even though defendant may have superior knowledge of the cause of the injury. Plaintiff has not met his obligation of alleging sufficient grounds for a case which might possibly use the res ipsa loquitur rule on trial when, and if it proceeds, to matters of proof. Although plaintiff is not obliged to allege that Dr. Stander was in exclusive control of the victim, where there are multiple defendants, as in the case of Meyer v. St. Paul-Mercury Indemnity Co., 61 So.2d 901, 906 (La.App. 4th Cir. 1952), he did not allege that Dr. Stander had joint or concurrent control over the person of Alvin McCann for the period of time during which the injury to his thigh occurred. Plaintiff did not allege that Dr. Stander had control over any instrument which might have caused a burn-type injury. Plaintiff has not suggested any act of Dr. Stander’s which might have caused the injuries alleged. He has not even alleged that Dr. Stander worked on Alvin in the areas in which the injuries, unrelated to the surgery, had their origin.
Plaintiff has pleaded in paragraphs 6 and 7 of his original petition that Alvin Mc-Cann was in both the ante-room and the recovery room of the hospital; and the injury is alleged to have taken place between the time that Alvin entered the ante-room and returned to his own room — not exclusively in the operating room, which is the only room in which Dr. Stander was alleged to have been present with Alvin Mc-Cann.
The pleadings in regard to the injuries to Alvin’s genitalia and his resultant anx *622 iety are far too vague and non-specific to state a cause of action as to these problems.
It seems highly questionable to this court that the thigh burn and the genitalia injury, whatever its nature may have been, would constitute an "untoward event” such as has been recognized by the courts in the cases in which the rule of res ipsa loqui-tur has been held properly applied in matters of proof upon trial. The injuries of this case seem hardly analogous to the tooth in the lungs of Meyer v. St. Paul-Mercury Indemnity Co., 225 La. 618, 73 So.2d 781 (1954), or to the broken teeth of Jacobs v. Beck, 141 So.2d 920 (La.App. 4th Cir. 1962). Certainly it does not come within the category of the explosion in Andrepont v. Ochsner, 84 So.2d 63 (La. App. 4th Cir. 1955), in which, incidentally, Dr. Ochsner the operating surgeon, was exculpated from any liability for injuries resulting from the explosion.
Even if this were considered to be one of the rare cases in which res ipsa loqui-tur were properly used as a matter of pleading, it could not be upheld at this stage of the suit when there are so many other reasonable and logical inferences which may be drawn from plaintiff’s petition to explain Alvin’s injuries to thigh and genitalia besides Dr. Stander’s purported negligence. See, for analogy, Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162, 165 (1963).
Nor is res ipsa loquitur a substitute for discovery. Plaintiff cannot be allowed to come into court offering the doctrine of res ipsa loquitur to supply the deficiencies of fact which his admittedly extensive, two-year attempt at discovery has failed to disclose.
The doctrine of res ipsa loquitur is to be sparingly applied, and should be resorted to only where the demands of justice makes its application essential. Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660; Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389.
Without allegations sufficient to suggest the proper application of the doctrine of res ipsa loquitur at the conclusion of a trial the plaintiff has not stated a cause of action against exceptors. In order to state a cause of action against Dr. Stander and his insured he cannot allege simply that this physician, among others, was present and operating on Alvin McCann at some part of the time during which young McCann sustained injuries unrelated to his surgery and not in the operative area.
The judgment of the trial court, maintaining the exception of no cause of action with regard to Dr. Alvin Stander and his insurer will be affirmed at appellant’s costs.
Judgment affirmed.