276 So.2d 259 (1973)
Walter L. McCANN, Individually and on behalf of his son, Alvin E. McCann
v.
BATON ROUGE GENERAL HOSPITAL et al.
No. 52377.
Supreme Court of Louisiana.
March 26, 1973.
Rehearing Denied May 7, 1973.
McCollister, Belcher, McCleary & Fazio, Neil H. Mixon, Jr., Baton Rouge, for plaintiff-applicant.
Seale, Smith & Phelps, Donald S. Zuber, Baton Rouge, for defendants-respondents.
*260 SANDERS, Chief Justice.
This negligence action presents, on its pleadings, a single issue: the applicability of the doctrine of res ipsa loquitur to untoward injury in the course of medical treatment. This question was presented but not resolved in Meyer v. St. Paul-Mercury Indemnity Co., 225 La. 618, 73 So.2d 781 (1954), the Court concluding that the "applicability of that rule was not of grave importance" in view of the facts. We now hold that, under the limited circumstances outlined by the pleadings in this action, the doctrine does apply.
The plaintiff's supplemental petition alleges:
2.
"On or about October 4, 1968, plaintiff's son Alvin E. McCann, 14 years of age, injured his elbow while playing football at Broadmoor Junior High School in Baton Rouge, Louisiana.
3.
Alvin E. McCann was then taken to the office of Dr. David Miller for treatment. He was then referred to the Bone & Joint Clinic for treatment.
4.
Petitioner's son, Alvin E. McCann, was then taken to Baton Rouge General Hospital for treatment of his fractured elbow.
5.
Prior to going into the Operating Room of the Baton Rouge General Hospital, Alvin McCann's only injury was that affecting his elbow. At that time, Alvin McCann experienced pain in his elbow, but felt no pain in any other part of his body.
6.
While in the Operating Ante-Room of the Baton Rouge General Hospital, petitioner's son Alvin was given a shot in his right arm which put him to sleep and was then wheeled into the Operating Room where Dr. Alvin Stander performed a closed reduction upon Alvin's elbow.
7.
Following the operation and after coming out of the Recovery Room, Alvin McCann was then taken to his room and placed in a hospital bed. Soon thereafter, Alvin began coming out from under the effects of the anesthetic and made clearly known to his father the fact that his leg hurt him very greatly. At this point, petitioner Walter L. McCann pulled the hospital gown up and noticed a large lesion on Alvin's upper left thigh, which had not been present prior to Alvin's going into the Baton Rouge General Hospital Operating Room.
8.
Alvin McCann, while in defendants' care, also suffered injuries to his reproductive organs to the extent that his capability to reproduce is completely or greatly destroyed.
9.
Although Alvin was discharged from the hospital on October 5, 1968, he returned on October 6, 1968 to the Emergency Room for treatment of the lesion on his leg. Subsequent to October 5, 1968, Alvin has also required further treatment on his leg by Dr. Stander and Dr. David Miller. Future medical treatment, including, but not limited to, tests and treatment to reproductive system and skin grafts, will be required.
10.
The injury to the leg of petitioner's son, Alvin McCann, and the injury to his reproductive organs resulted from certain acts of negligence of the Baton *261 Rouge General Hospital and Dr. Alvin Stander, or through acts of their agents, servants and/or employees, details of which acts are peculiarly within the knowledge and control of the defendants.
11.
By virtue of the facts set forth above, the doctrine of res ipsa loquitur is applicable against defendants.
12.
It is further alleged that the acts of negligence of the respective defendants mentioned above proximately caused the injuries sustained by plaintiff's minor son herein."
On the basis of these allegations, the plaintiff joined as defendants Dr. Stander, Baton Rouge General Hospital, and their insurers.
The district court sustained Dr. Stander's and his insurer's exception of no cause of action and dismissed the suit as to them without trial. The Court of Appeal affirmed. 258 So.2d 618. We granted certiorari to review the judgment of the Court of Appeal. See 261 La. 539, 260 So.2d 321.
The legal issue is whether the petition states a cause of action against the operating surgeon. In resolving this issue, the ultimate question is whether or not the doctrine of res ipsa loquitur applies when all the facts alleged in the petition are accepted as true.
Res ipsa loquitur is a rule of circumstantial evidence. Its applicability is normally determined at the conclusion of the trial. The rule applies when the facts shown suggest the negligence of the defendant as the most plausible explanation of the injury. King v. King, 253 La. 270, 217 So.2d 395 (1968); Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963); Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389 (1957); Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437 (1948); Veillon v. State Farm Mutual Automobile Ins. Co., La.App., 182 So.2d 802 (1966); Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L.Rev. 70.
In the present case, the defendants strenuously contend that the petition is fatally defective because it is directed against multiple defendants and fails to allege specific acts of negligence. The plaintiff counters that he has alleged all of the facts known to him and that the remaining facts are within the knowledge of the defendants.
The defendants' position is untenable. Res ipsa loquitur is, of course, irrelevant when a body of direct evidence is available explaining the activity leading to the injury. King v. King, supra; Day v. National United States Radiator Corporation, 241 La. 288, 128 So.2d 660 (1961); Larkin v. State Farm Mutual Automobile Ins. Co., supra; Gauthier v. Liberty Mutual Insurance Company, La.App., 179 So.2d 437 (1965); Dunaway v. Maroun, La.App., 178 So. 710 (1938); and Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L.Rev. 70, 105.
When, as here, the injury occurred within the confines of the special service rooms at the hospital, the failure to allege the specific acts of the defendant producing the injury cannot vitiate the cause of action. The surrounding circumstances are peculiarly within the knowledge of the defendants or their employees and unavailable to plaintiff. See Dotson v. Louisiana Central Lumber Co., 144 La. 78, 80 So. 205 (1918).
Neither does the joinder of multiple defendants bar res ipsa loquitur. In *262 Gerald v. Standard Oil Co. of Louisiana, 204 La. 690, 16 So.2d 233 (1943), for example, we held the doctrine applicable to a fact structure presenting three defendants. This holding is consistent with the majority of recent decisions in the nation at large. Anno., 38 A.L.R.2d 905 (1954); Anno. 82 A.L.R.2d 1262 (1962).
The vital facts alleged are that the body of the injured youth was in the exclusive custody of the several defendants. During that time, while under anesthesia, he received injuries to a part of the body not involved in the surgery. Under these circumstances, a cause of action is stated against the operating surgeon. The application of res ipsa loquitur, an evidentiary doctrine, must, of course, be determined at the conclusion of the trial. See Pliss v. 83rd Foundation, Sup., 69 N.Y.S.2d 727 (1947); Ybarra v. Spangard, 25 Cal.2d 486, 154 P.2d 687, 162 A.L.R. 1258 (1944).
In so holding, we in no way sanction the application of res ipsa loquitur to malpractice cases involving no more than a failure to obtain satisfactory results from surgery or medical treatment. We limit our holding to untoward or unusual occurrences during the time of medical supervision.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and the case is remanded for further proceedings according to law and consistent with the views herein expressed. All costs of this appeal are taxed against the defendants, Dr. Alvin Stander and his insurer, St. Paul Fire and Marine Insurance Company. The assessment of other costs shall await the outcome of this suit.
DIXON, J., concurs; the only question before us is whether the petition states a cause of action.