359 So.2d 640 (1978)
Randall C. HOLLIDAY
v.
Dr. Robert PEDEN, Our Lady of the Lake Hospital, et al.
No. 11888.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
*642 Gerard E. Kiefer, Baton Rouge, of counsel, for plaintiff-appellant Randall C. Holliday.
E. Kenneth Barnette, Baton Rouge, of counsel, for defendant-appellee Dr. Robert Peden.
Roger M. Fritchie, Baton Rouge, of counsel, for defendant-appellee Our Lady of the Lake Hospital.
Henry B. Alsobrook, Jr., New Orleans, of counsel, for defendant-appellee Ethicon, Inc.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
This is an action in tort for personal injuries, medical expenses and lost wages by plaintiff, Mr. Randall C. Holliday, against the defendants, Dr. Robert Peden, the physician who performed a tonsillectomy operation upon plaintiff, Our Lady of the Lake Hospital, the place where the operation was performed, and Ethicon, Inc., the manufacturer of the surgical needle.
After removal of plaintiff's tonsils and while Dr. Peden was suturing the incisions, the needle broke, leaving more than one half of it lodged in plaintiff's throat. Attempts to retrieve the broken part of the needle by Dr. Peden were to no avail. Following a normal recovery from the operation, plaintiff developed pain and this law suit followed.
The trial court held in favor of all defendants and dismissed plaintiff's suit. Plaintiff has taken this appeal; the defendants have not answered nor have they appealed.
Plaintiff contends the trial court erred:
1. In failing to find the hospital negligent because none of the surgical team inspected the needle prior to its use by Dr. Peden;
2. In finding the needle properly manufactured in light of the conflicting testimony of the experts;
3. In finding the doctor was not negligent in applying too much stress on the suturing needle to cause it to break;
4. In failing to apply res ipsa loquitur.

In considering plaintiff's fourth assignment of error we find that the trial judge was in error in holding that the doctrine of res ipsa loquitur is inapplicable under the circumstances of this case.
The evidence establishes that prior to his tonsillectomy operation and except for the fact that his tonsils needed to be removed, Mr. Holliday was a healthy man who rarely had throat infections. The evidence shows that plaintiff went to the hospital to have his tonsils removed by Dr. Peden, that he was placed under anesthesia during which time his tonsils were removed, and that upon awakening he was informed that a portion of the suturing needle broke off during the operation and was lodged in his throat, Dr. Peden having failed at attempts to retrieve it. Mr. Holliday presently lives with a constant sore throat that varies in severity.
This case does not present the ordinary situation wherein the law will not assist an innocent plaintiff at the expense of an innocent defendant. Here, we deal with a case where an unconscious or helpless patient suffers an admitted mishap which was untoward and unrelated to the scope of the surgery, akin to cases where foreign objects are left in the body of the patient. Those who are entrusted with the care of such a patient owe to him a duty to care as to medical treatment and to the *643 furnishing of defect free instruments, in the absence of which they can be called upon to establish their nonculpability, or else risk liability for the injuries suffered.
Plaintiff established that the suturing needle was broken as a result of either of three causes, i. e, the negligent handling of the needle by hospital personnel, the defective manufacture of the needle, or the application of too much stress on the needle by the surgeon. It was further established that for the needle to break in the manner that it did, a breach of a standard of care had to occur, thus a showing was made that except for the negligence of one of the defendants the needle would not have broken.

"Res ipsa loquitur is a rule of circumstantial evidence. Its applicability is normally determined at the conclusion of the trial. The rule applies when the facts shown suggest the negligence of the defendant as the most plausible explanation of the injury. . . .
"Neither does the joinder of multiple defendants bar res ipsa loquitur. . . ." McCann v. Baton Rouge General Hospital, 276 So.2d 259 (La.1973).
The doctrine has also been expanded in other jurisdictions to embrace cases where the negligent cause was not the only or most probable theory in the case, but where the alternate theories of liability accounted for the only possible causes of injury. See: Anderson v. Somberg, 67 N.J. 291, 338 A.2d 1 (1975).
Once it is determined that the doctrine is applicable the burden of proof to show an absence of negligence is shifted to the defendants. Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660 (1961).
We find that Our Lady of the Lake Hospital has adequately discharged its burden of proof and has overcome the inference thus created.
The evidence shows that the hospital relies totally upon the manufacturer to supply defect free suturing needles. It was further shown that the needles come to the hospital in individually sealed packages which are not opened by any members of the hospital's surgical team until they are ready for use by the physician and that the hospital keeps a card file on which it is noted what preparations, instruments and supplies are requested for each type of operation. Whatever type and grade needle requested by the doctor is laid out for him. Once a needle has been used it is disposed of. Finally, it was established that the hospital has used this procedure for many years without requiring an inspection of the suturing needles by members of its surgical teams prior to their use, without incident.
We, therefore, hold that the hospital was not guilty of negligence in handling the suturing needle prior to its use by Dr. Peden.
We find that the defendant manufacturer, Ethicon, Inc., has also exonerated itself. Ethicon's expert witness, Dr. Allen Weinstein, Professor of Mechanical Engineering at Tulane University, testified that tests performed by him on the salvaged portion of the needle led him to the opinion that the needle in question was of a 420 grade stainless steel. He also stated that the duffel fracture across the end of the needle meant that the needle was bent before it broke and that the fracture of the needle was the result of too heavy a stress. Other evidence shows that the needle was properly packaged and labeled, and that this type of needle is suitable for suturing in tonsillectomy operations.
Finding as we do that suture needles do not ordinarily break in the throats of tonsillectomy patients in the absence of negligence the burden of proof is shifted to the defendant, Dr. Peden, to show that he was free from negligence in the suturing of Mr. Holliday.
The evidence reveals that Mr. Holliday had a chronic history of tonsillitis prior to his tonsillectomy, that the tonsil fascia toughens due to layering of scar tissue with each episode of tonsillitis in patients with such a history, and that Dr. Peden was aware that he would encounter toughened *644 tissue in the suturing of Mr. Holliday. Additionally, as testified to by Dr. Weinstein, the needle was bent prior to breaking as a result of too heavy a stress.
The only evidence tending to rebut the inference thus created by application of the doctrine was the testimony of Dr. Lawson G. Cox who was called by Dr. Peden as an expert witness specializing in ear, nose and throat practice. His testimony was to the effect that Dr. Peden did not violate the standard of care during surgery and that Dr. Peden's choice of needle and suture were up to standard. He further testified that he has experienced needles breaking during surgery and that he could not explain how or why they broke.
We do not think the doctor has sufficiently overcome the inference. In the first place, Dr. Cox was not present during the operation on Mr. Holliday to enable him to give a factual opinion as to whether Dr. Peden adhered to the standard of care or not. Secondly, Dr. Cox recognized the fact that patients with a history of chronic tonsillitis develop toughened tissue of the tonsil fascia that should be anticipated by the surgeon.
In view of the evidence that the suturing needle was bent prior to breaking because of excessive stress, and that Dr. Peden was aware of Mr. Holliday's prior history of chronic tonsillitis, we find that Dr. Peden has not exonerated himself from the inference of negligence.
With respect to damages, the evidence establishes that the needle still remains lodged in Mr. Holliday's throat encapsulated with scar tissue. Mr. Holliday testified that he experiences a continuous stinging pain in his throat in the area where the needle is embedded and that he has had at least two or three severe flare-ups of sore throat since the time of the operation. There is no evidence of record which would support an award for the cost of surgery for removal of the needle nor is there any evidence to support an award for lost wages. Therefore, for past, present and future, mental and physical pain and suffering, we will award plaintiff the sum of $5,000.00 in compensation for his injuries.
For the foregoing reasons the judgment of the trial court with respect to the defendants, Our Lady of the Lake Hospital and Ethicon, Inc., is affirmed, and the judgment with respect to the defendant, Dr. Peden, is reversed.
It is hereby ordered, adjudged and decreed that judgment be rendered herein in favor of the plaintiff, Mr. Randall C. Holliday, and against the defendant, Dr. Robert Peden, in the full and true sum of Five Thousand and No/100 ($5,000.00) Dollars, together with legal interest thereon from date of judicial demand and for all costs of these proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.