411 So.2d 504 (1982)
Mary Ann GUILLORY
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, et al.
No. 14525.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
*505 E. C. Hunt, Jr., Thomas L. Lorenzi, James A. Watson, Lake Charles, for plaintiff-appellant Mary Ann Guillory.
David Frohn, Lake Charles, for defendant-appellee Etchicon, Inc.
Walter Horrell, Baton Rouge, for defendant-appellee State of La., Dept. of Health and Human Resources.
Before ELLIS, LOTTINGER and PONDER, JJ.
ELLIS, Judge.
On July 23, 1973, plaintiff Mary Ann Guillory underwent an anterior colporrhaphy, a surgical procedure for the repair of the anterior wall of the vagina. The procedure was performed at W. O. Moss Regional Hospital, a state charity hospital, in Lake Charles, Louisiana, by Dr. Pierre J. Bouis, Jr., a third-year resident, assisted and supervised by Dr. Lee J. Monlezun. Also present in the operating room was Felicia Leday Esprit, a scrub nurse, who assisted the surgeon by handing him surgical implements during the course of the operation.
While Dr. Bouis was placing sutures, using a semi-circular suture needle manufactured by Ethicon, Inc., the needle broke, and about two-thirds of the needle remained lodged in some connective tissue at *506 the site of the operation. Dr. Bouis was unable to find the broken part of the needle at the time it broke, or in a subsequent surgical procedure performed later on the day of the operation. The needle remains in plaintiff to this day, despite Dr. Bouis's efforts and three subsequent surgical procedures performed by other physicians who attempted to locate and remove it.
This suit was filed by Mrs. Guillory for damages arising out of the above incident. Made defendants herein originally were Drs. Bouis and Monlezun, Mrs. Esprit, the State of Louisiana, Ethicon, Inc., and others. Because of settlements and dismissals, the case was tried before a jury, only as to Ethicon, the State and Mrs. Esprit. Plaintiff's demands were dismissed, and she has appealed. Dismissal of the appeal as to the State and Mrs. Esprit was stipulated to by plaintiff, so that only Ethicon remains a party defendant in this appeal.
Plaintiff's evidence in support of the claim against Ethicon was to the effect that Dr. Bouis did nothing wrong in performing the surgical procedure, and that when the needle broke, he was attempting to place the suture in the same manner as he did all the others during the operation. All of the doctors who testified during the trial stated that needle breakage during surgery was not an unusual occurrence, and was considered as one of the risks of surgery.
Plaintiff's expert metallurgists could not inspect the needle which broke since part of it remains in plaintiff's body and the other part was thrown away after the operation. However, they tested a number of similar needles and testified that they found cracks in two of them, as a result of swaging the suture material into the needle. Pressure tests performed on 36 needles showed that 25 of them had sufficient ductility to bend into a circle, but that 11 of them broke under the same pressure. One of the experts testified that microscopic examination of one of the broken needles revealed that it was significantly more brittle than those which bent, but did not break.
Ethicon's expert metallurgist examined the same needles that were tested by plaintiff's experts. He found no significant differences in ductility or brittleness among them, and could not find the swaging cracks which were testified to by one of plaintiff's experts. Ethicon's medical expert, Dr. Robert L. DiBenedetto testified that needle breakage was not unusual, and could result from using a needle too light for the job, from faulty technique on the part of the surgeon or from defects in the needle. He testified that he used a somewhat heavier needle than that used by Dr. Bouis when performing an anterior repair, because of the toughness of the tissue in which the sutures were being placed.
In this court, plaintiff claims that the judge failed to instruct the jury properly in two particulars; that he erroneously refused to admit certain documents into evidence; and that the jury's verdict was manifestly erroneous.
Plaintiff's first assignment of error is that the trial judge erred in refusing to charge the jury on the applicability of the doctrine of res ipsa loquitur. In McCann v. Baton Rouge General Hospital, 276 So.2d 259 (La.1973) the court said:

"Res ipsa loquitur is a rule of circumstantial evidence. Its applicability is normally determined at the conclusion of the trial. The rule applies when the facts shown suggest the negligence of the defendant as the most plausible explanation of the injury."
The evidence in the record makes it clear that plaintiff's injuries could have resulted from causes other than a defective needle, i.e., the use of an unsuitable needle, or improper use of the needle by the operating physician. There is conflicting evidence as to both of the latter points. There is no direct evidence that the needle used was defective, and the evidence as to the possibility that the needle might have been defective is in conflict. Under the circumstances, Ethicon's negligence in the manufacture of the needle could not be considered the "most plausible explanation of the injury", and the trial judge properly refused to charge that the doctrine of res ipsa loquitur was applicable.
*507 Plaintiff's second assignment of error is that the trial judge improperly charged the jury relative to the duty-risk analysis of the liability questions presented herein. We have examined the charge and find no error. Plaintiff's contention that the judge should have charged the jury that the manufacturer was responsible for misuse or misapplication of the needle by the doctor is without merit, absent a showing that the needle was unreasonably dangerous in normal use. There is no such showing. See Weber v. Fidelity & Casualty Insurance Co. of N. Y., 259 La. 599, 250 So.2d 754 (1971).
Plaintiff's third assignment of error relates to the refusal of the trial judge to admit into evidence a number of petitions in cases filed in other jurisdictions, which contained allegations relative to the breaking of needles manufactured by Ethicon. These petitions were obtained by discovery from Ethicon, and were properly certified. Plaintiff alleges that by the petitions he intended to show that Ethicon had knowledge that suture needles tend to break more often in the throat and in the vagina, and was therefore under a duty to warn of unreasonable danger involved in the normal use of its needles in those areas.
We find the petitions were properly excluded. The allegations contained therein are hearsay and are proof of nothing. They contain no judicial admissions by Ethicon, or other relevant admissible evidence.
Finally, plaintiff claims that the finding of the jury is manifestly erroneous. We have carefully examined the record and the transcript of the testimony of the case, and find there is ample evidence to support the finding of the jury.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
AFFIRMED.