REDMANN, Chief Judge.
Plaintiff appeals from the dismissal of her action for damages against an oncological surgeon who installed a “Saratoga sump” drain in her abdominal cavity to drain an abscess. Ten days after its installation, the drain began to drain fecal mat *26 ter. The explanation by defendant, corroborated by stipulated testimony from another surgical oncologist, is that pressure necrosis from the dram’s impingement caused an opening in the colon, and that such an occurrence is a recognized complication of the surgery.
The trial judge reasoned “Plainly the perforation of plaintiff’s colon was a normal risk of the procedure. There is no evidence of negligence and plaintiff’s action will be dismissed.”
Plaintiff argues that she effectively proved negligence because the colon was “not directly concerned with the surgery” and therefore an inference of negligence is established under the rule of res ipsa loqui-tur, citing McCann v. Baton Rouge Gen. Hosp., 276 So.2d 259 (La.1973).
In McCann, during the surgery itself the patient “received injuries to a part of the body [a leg] not involved in the surgery [upon an arm].” Id. at 262. In our case, on the other hand, the abscess that had to be drained abutted the colon, and to drain the abscess required placing the drain immediately adjacent to the colon. Thus, although the surgery was not performed upon the colon, proper performance of the surgery did “involve” the colon in the sense that it was inescapably in the immediate area of the placement of the drain. The application of res ipsa loquitur “is normally determined at the conclusion of the trial. The rule applies when the facts shown suggest the negligence of the defendant as the most plausible explanation of the injury.” McCann, id. at 261. At the conclusion of our trial — unlike that of McCann, where there was no other plausible explanation— the most plausible explanation of plaintiff’s injury, as found by the trial judge, was that the mere pressure of the drain lying against the colon caused necrosis (death) of its impinged tissue and the resulting hole in the colon, and that this pressure necrosis is not a result of negligence in installing the drain but one of the complications that can result without negligence (as the stipulated testimony of the other oncological surgeon established) on the part of the surgeon who installs the drain.
We cannot say that the trial judge erred in refusing to apply the rule of res ipsa loquitur or in holding that there was no evidence of negligence.
Affirmed.