289 So.2d 288 (1974)
Louis W. HELMS, Plaintiff and Appellant,
v.
ST. PAUL FIRE & MARINE INSURANCE CO. et al., Defendants and Appellees.
No. 4413.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
Gerard F. Thomas, Jr., for plaintiff and appellant.
Provosty & Sadler by William H. de Launay, Jr., Alexandria, for defendants and appellees.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a medical malpractice case, brought by Louis W. Helms on behalf of his minor daughter, Debra Helms, for facial injuries and pain allegedly incurred as a result of ultraviolet light treatments administered under the authorization of Dr. William H. Hamilton. Defendants herein are Doctor Hamilton and *289 his professional liability insurer, St. Paul Fire and Marine Insurance Company.
Judgment was rendered by the trial court in favor of the defendants, thereby dismissing plaintiff's suit. It is from that judgment that plaintiff has appealed.
Plaintiff's nineteen year old daughter, Debra, was first taken to the defendant, Doctor Hamilton, an Alexandria dermatologist, on June 1, 1971, for facial acne and complexion problems. The doctor placed her on special scalp shampoos, a diet, certain drugs, and ultraviolet lamp treatments. The latter treatments were thereafter administered to Debra by the doctor's nurse eight times, the last being November 23, 1971. On the following morning, November 24th, Debra awoke finding the left side of her face inordinately swollen, her eye unable to open.
Finding that Doctor Hamilton was out of town, Debra's mother took her to the family doctor in Natchitoches, Dr. Charles Cook. He gave Debra an anti-inflammation drug, diagnosing the condition as a first degree burn with resultant swelling. His opinion, as a general practitioner, was that Debra's condition was caused by a "sensitivity" or "overexposure" from the ultraviolet light treatment. Doctor Cook however stated in deposition that it was neither his practice to use ultraviolet light treatments, nor was he familiar with contemporary standards in the dermatology field.
Debra's swelling subsided a few days after the drug was administered by Doctor Cook and her face returned to normal. Thereafter her father filed this suit for $2,500.00 alleging negligent overexposure.
At trial the defendant, Doctor Hamilton testified that he had seen Debra Helms for over five months for her acne condition and had administered ultraviolet light treatments to her on each visit with no adverse effects until the November 23rd session. He further testified that the treatment had been explained initially to Debra and her mother and that the purpose of the ultraviolet light exposure was to produce a redness or mild sunburn of the skin, ultimately causing a mild peeling which helped to clear up the acne condition. Although he did not treat Debra after the alleged reaction, his testimony was to the effect that, according to the color photographs of her placed into evidence, the swelling was probably attributable to and triggered by a non-apparent, dormant fever blister virus which he was not aware of at the time of the November 23rd treatment. He further indicated that the pictures did not show overexposure and that if such was in fact the case, Debra's face would have shown much more redness, a large amount of superficial blistering, and such effect would have been on both sides of the face rather than only the left as indicated in the pictures.
Defendants also called as one of their witnesses Dr. Frank Inguish, a local Alexandria dermatologist. His testimony was to the effect that the ultraviolet light treatment practice used by Doctor Hamilton was probably the most widely used and recognized treatment for acne, and complexion problems. He also testified that it was his opinion that the procedures used, according to the testimony of Doctor Hamilton and his nurse, were normal for such treatments. He also agreed with Doctor Hamilton as to the probable actual cause of Debra's reaction and that the pictures taken of her on November 24th indicated no overexposure from ultraviolet lamp treatments.
The nurse who administered the light treatments had been working for Doctor Hamilton for approximately seven years and administered such treatments approximately 2,000 times per year. She testified that she gave the treatment to Debra as prescribed by the doctor and that Debra was not overexposed to the light on the day in question. She further testified that she stood next to the lamp during the administration of the treatment.
*290 We note at the outset that the principle of "res ipsa loquitur" has no application in the present case. Its use would be appropriate only if the body of proof establishes or suggests that the alleged negligence of the defendant-physician excludes every other reasonable hypothesis as to the cause of Debra's reaction. Boudreaux v. American Insurance Co., 262 La. 721, 264 So.2d 621 (1972). Otherwise stated, the rule applies when the facts shown suggest the negligence of the defendant as the most plausible explanation of the injury. McCann v. Baton Rouge General Hospital, La., 276 So.2d 259 (1973). In our case we have two dermatologists who have explicitly given the probable reason for Debra's reaction, thus abrogating the use of this rule of evidence.
The leading case on medical malpractice is Meyer v. St. Paul-Mercury Indemnity Co., 225 La. 618, 73 So.2d 781 (1953) holding in essence that a physician, surgeon, or dentist has the duty to exercise the degree of skill ordinarily employed, under similar circumstances, by the members of his profession in good standing in the same community and to use reasonable care and diligence, along with his best judgment in the application of his skill to the case before him. See also Uter v. Bone and Joint Clinic, 249 La. 851, 192 So.2d 100 (1966). The best evidence of the local community standards is found through testimony of other experts in the same field. Lauro v. Travelers Insurance Company, 261 So.2d 261 (La.App. 4th Cir. 1972). According to the testimony elicited at trial we feel Doctor Hamilton clearly met this standard.
The burden of proof is upon the plaintiff to prove by a preponderance of the evidence that the injury was the result of Doctor Hamilton's negligence. Bush v. St. Paul Fire & Marine Ins. Co., 264 So.2d 717 (La.App. 1st Cir. 1972). The trial court found the plaintiff had not sustained this burden and according to the evidence presented we find no manifest error in this conclusion.
For the above and foregoing reasons the judgment of the trial court is affirmed. Plaintiff is to pay the costs of this appeal.
Affirmed.