DOUCET, Judge.
The plaintiff, Wanda L. Sam, appeals a judgment rejecting her claims for damages resulting from the failure of Dr. Ernest Yongue to remove a piece of glass from a wound on her arm, and from the failure of Dr. L.A. Morrough to properly diagnose and treat the problem.
On April 9, 1980, the plaintiff went to the emergency room at Gary Memorial Hospital, after cutting her left arm on a broken window pane. She was treated by Dr. Ernest Yongue, who performed a neurological exam and cleaned and probed the wound, removing several fragments of glass, then sutured the wound. The plaintiff was referred to her family doctor, Dr. L.A. Mor-rough for follow-up treatment. Dr. Yon-gue forwarded a report to Dr. Morrough but failed to mention that he had removed glass from the wound. Dr. Morrough saw Ms. Sam eleven times between July 31, 1980 and November 24, 1981. In June 1981, she first mentioned generalized arm pain to Dr. Morrough. She did not connect it to any injury. Dr. Morrough prescribed medication in the belief that she had myosi-tis connected with her recent pregnancy. In November 1981, after two visits unconnected with arm pain, Ms. Sam again complained to Dr. Morrough of arm pain. He diagnosed her as having carpal tunnel syndrome and prescribed an anti-inflammatory medication. He advised her to see a neurologist if the pain continued. Dr. Mor-rough did not see Ms. Sam after this visit.
In January 1982, Ms. Sam saw Dr. William Kinnard, an orthopedic surgeon, complaining of arm pain. He diagnosed her condition as nerve compression related to carpal tunnel syndrome. Surgery was performed to decompress the nerve in February 1982. During surgery, Dr. Kinnard found a piece of glass embedded in her arm under two layers of muscle which had lacerated 60% of the median nerve.
Ms. Sam brought this suit against Drs. Yongue and Morrough. At the conclusion of the plaintiff’s case, the trial judge granted a directed verdict in favor of Dr. Yon-gue. Judgment on the merits was granted in favor of Dr. Morrough. Ms. Sam appeals. We affirm.
The plaintiff argues that the trial court erred in refusing to allow Dr. Calvin White to testify to the standard of care applicable to general practitioners in Breaux Bridge. Dr. White practices family medicine in Opelousas, La., where he on occasion provides emergency medical care in the emergency room of Opelousas General Hospital. He also worked in emergency rooms in Danville and Brockport, New York while in medical school. He has never practiced in Breaux Bridge.
The plaintiff attempted to elicit expert testimony from Dr. White as to the standard of care applicable to a general practitioner working in an emergency room in Breaux Bridge, Louisiana. Upon objection of counsel for Dr. Yongue, the trial judge rejected the testimony of Dr. White stating that the doctor was not in a position to know the standard in Breaux Bridge and therefore could not make comparisons between the standard there and that in localities of which he had knowledge.
In 1954, the Louisiana Supreme Court articulated the standard of care for general practitioners in Meyers v. St. Paul-Mercury Indemnity Co., 225 La. 618, 73 So.2d 781 (1954), stating that a general physician has a duty to exercise the degree of care ordinarily employed, under similar circumstances, by the members of his profession in good standing in the same community or locality. See also: Helms v. St. Paul Fire & Marine Ins. Co., 289 So.2d 288 (La.App. 3rd Cir.1974).
The Meyers standard of care has been statutorily recognized for general practitioners and surgeons by the enactment of La.R.S. 9:2794(A)(1). Matthews v. La. State Univ. Medical Center, 467 So.2d 1238 (La.App. 2nd Cir.1985).
The trial judge correctly excluded the testimony of Dr. White as to the standard of care applicable in Breaux Bridge be *233 cause he had no knowledge of the degree of care ordinarily employed under similar circumstances by members of the medical profession in the Breaux Bridge area.
The plaintiff further asserts that under the reasoning applied to the testimony of Dr. White, the testimony of Dr. Kin-nard with regard to standard of care should also have been rejected.
Dr. Kinnard, a resident at University Medical Center in Lafayette, testified both as a fact witness and as an expert in orthopedic surgery. He related the facts of his treatment of Ms. Sam and the standard of care applicable to an orthopedic surgeon treating an injury such as that of Ms. Sam. A specialist has a higher duty of care than a generalist in that he must exercise the degree of care practiced by physicians within that specialty, rather than the degree of care exercised in his particular community. La.R.S. 9:2794. Dr. Kinnard testified that the treatment given by Drs. Yongue and Morrough would not have fallen below the standard of care applicable to a specialist in orthopedic surgery. He did not attempt to testify as to the standard applicable to a general practitioner in Breaux Bridge.
Accordingly, the trial judge was correct in its ruling that Dr. Morrough was guilty of no negligence, want of skill or improper treatment; and that the plaintiff failed to carry her burden of proving that the treatment rendered by Dr. Yongue fell below the standard of general practitioners in the Breaux Bridge area. As a result, the judgment of the trial court is affirmed.
AFFIRMED.